MATTHEW J. McCARRAGHER, an Infant, by STEPHEN McCAR-
RAGHER, his Guardian ad litem, Respondent, v. WILLIAM
H. H. ROGERS, Appellant.

Plaintiff, an infant thirteen years of age, was employed in defendant's
factory. The table on which he was obliged to sit to do his work was,
by some irregular operation of the machinery to which it was attached,
thrown out of place in such manner as to bring his foot in contact with
the moving machinery and he was injured. In an action to recover
damages it was proved that the machinery had been in use eight years;
that on two occasions, before plaintiff went there to work, the table had
been displaced in a similar manner and one person had been injured.
The last occasion was three months before the accident to plaintiff, and
was brought to defendant's notice. There was also evidence tending to
prove that protection might have been given by a net-work, or some
guard placed near the inner edge of the table, without causing incon-
venience in operating the machinery. A motion by defendant for a non-
suit was denied. *Held*, no error; that the evidence was sufficient to take
the case to the jury.

Upon the trial the person who was previously injured was asked, "How
did the injury occur to you," and he answered, under objection and
exception, "It jumped out of the socket in the same way." *Held*, no
error; that the evidence was relevant and competent as bearing upon the
question of the condition of the machinery.

A witness in defendant's employ was called by him and asked to state
whether, from his knowledge of plaintiff's conduct while at work, he
was generally careless or careful; also, whether or not, from what he
saw of the plaintiff just at the time of the accident and before it
occurred, he was acting in a careful or careless manner while sitting on
the table. It did not appear that the witness was present or saw the acci-
accident when it occurred, but had been there shortly before and observed
plaintiff's conduct. The evidence offered was excluded. *Held*, no error.

The court charged: "The law does not require from a boy of thirteen
the same mature judgment which it does from a grown person," and
that, while it would have been negligence, as a matter of law, for an
adult to go to work with the machine, knowing it was out of order,
"with a child it is for the jury to say." *Held*, no error.

So far as danger is known and obvious to him, a person of immature years
may be legally as responsible for his own protection as an adult; but
where judgment and reflection are required to enable a person to appre-
ciate the consequences which might result from the defective character
of machinery, the question of the contributory negligence of the infant
is for the jury.

(Argued May 2, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action to recover damages for injuries received by plaintiff while in defendant's employ.

The material facts are stated in the opinion.

*Arthur R. Robertson* for appellant.   The admission of tes: timony involving an inquiry as to the circumstances under which other accidents took place is not allowable.   (*Sherman* v. *Kortright*, 52 Barb. 267, 269 ; *Parker* v. *P. P. Co.*, 69 Me. 173 ; Greenl. on Ev. § 52 ; *Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 465, 472 ; *Gahagan* v. *B. & L. R. Co.*, 1 Allen, 189 ; *F. N. Bank* v. *O. N. Bank*, 60 N. Y. 278, 295 ; *Hudson* v. *C. & N. W. R. R. Co.*, 59 Ia. 581 ; *Smith* v. *O. C. R. R. Co.*, 10 R. I. 22, 27 ; *Crocker* v. *McGregor*, 76 Me. 282. 284.) Mere proof of the happening of an unexplained accident — such as the bursting of a steam boiler or the giving way of a dam — will not entitle an injured party to redress ; the party from whom redress is sought must be convicted of responsible fault.   (*Losee* v. *Buchanan*, 57 N. Y. 476.)   The opinion of an expert, as to whether conduct is prudent, is competent evidence, even though it is an opinion on the very question to be passed on by the jury.   (*T. Line* v. *Hope*, 95 U. S. 277, 295 ; 1 Allen, ·188 ; *Walsh* v. *W. M. Ins. Co.*, 32 N. Y. 427, 442 ; Abb. Tr. Br. 227, § 578.)   The opinions of common observance in regard to common appearances, facts and conditions, have been received as evidence in a great variety of cases, and are competent.   (*State* v. *Shinfour*, 46 N. H. 497 ; *S. Clipper* v. *Logan*, 18 Ohio, 375 ; *Commonwealth* v. *Sturtivant*, 117 Mass. 122 ; *Commonwealth* v. *Pope*, 103 id. 440 ; *Commonwealth* v. *Dorsey*, Id. 412 ; *Lund* v. *Tyngsborough*, 9 Cush. 36 ; *Dunham's Appeal*, 27 Conn. 198 ; *Clinton* v. *Howard*, 42 id. 294 ; *Hearney* v. *Farrell*, 28 id. 319 ; *Porter* v. *P. M. Co.*, 17 id. 253 ; *People* v. *Eastwood,*

14 N. Y. 562; *Calver* v. *Dwight*, 6 Gray, 444; *De Witt* v. *Baily*, 17 N. Y. 344; *Morse* v. *State*, 6 Conn. 9; *Giant* v. *Thompson*, 4 id. 209; *Kinne* v. *Kinne*, 9 id. 103; *Barker* v. *Comins*, 110 Mass. 477; *Nash* v. *Hunt*, 116 id. 237; *Sydleman* v. *Beckwith*, 43 Conn. 9.) Reynolds Moran should have been allowed to state whether the press was safe to work at with ordinary care. He was familiar with the use of the press in respect to the work plaintiff was doing. This was not disputed and there was no objection to his testifying as an expert. (*Moore* v. *Westervelt*, 27 N. Y. 234, 238, 241; *Bearss* v. *Copley*, 11 id. 93, 94, 95; 3 id. 322, 323, 326; *Walsh* v. *W. M. Ins. Co.*, 32 id. 427, 442; *T. Line* v. *Hope*, 95 U. S. 277, 298; *B. & B. R. R. Co.* v. *Bailey*, 11 Ohio St. 334, 337; *Fenwick* v. *Bell*, 1 C. & K. 312.) The refusal to charge that if the machine was dangerous, and plaintiff actually had knowledge of its dangerous character, that then plaintiff could not recover, was error. (*Buckley* v. *G. P. & P. R. M. Co.*, 113 N. Y. 540; *Hickey* v. *Taaffe*, 105 id. 26.)

*James D. Bell* for respondent. An objection taken to a question that is answered is not good. (*Platner* v. *Platner*, 78 N. Y. 90.) Evidence of former accidents was admissible. (*Baird* v. *Daily*, 65 N. Y. 547; *Johnson* v. *M. R. Co.*, 4 N. Y. Supp. 848, 849; *Stebbins* v. *Village of Oneida*, 5 id. 483; *Hanrahan* v. *M. R. Co.*, 6 id. 395, 396; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459, 469; *Quinlan* v. *City of Utica*, 11 Hun, 217; 74 N. Y. 603; *Sheldon* v. *H. R. R. R. Co.*, 14 id. 218; *Hinds* v. *Barton*, 25 id. 544; *Crist* v. *E. R. Co.*, 58 id. 638; *Dougan* v. *C. T. Co.*, 55 id. 1; *Loftus* v. *U. F. Co.*, 84 id. 455; *Burke* v. *Witherbee*, 98 id. 562.) The motion for a nonsuit was properly denied. (*Painton* v. *N. C. R. Co.*, 83 N. Y. 7, 14; *Tiffany* v. *St. John*, 65 id. 314, 317; Baylies' Tr. Pr. 224.) There was ample evidence of negligence on defendant's part to warrant the submission of this case to the jury. (*Benzig* v. *Steinway*, 101 N. Y. 547, 552; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521; *Corcoran* v. *Holbrook*, 59 id. 517; *Slater* v. *Jewett*, 85 id. 61; *Pantzar* v. *T. F. M. Co.*, 99 id. 368; *Byron* v. *S. P. Tel.*

*Co.*, 26 Barb. 39.) The fourth request to charge applied to the plaintiff, a boy of tender years, the rigid rule of responsibility applicable to adults and persons of wide general experience. This is not the law. (*Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 N. Y. 620, 621; *Sheridan* v. *B. C. & N. R. R. Co.*, 36 id. 39; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 326, 332; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417, 421; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 289, 294; *Pease* v. *Smith*, 61 id. 477, 484; *Poler* v. *N. Y. C. R. R. Co.*, Id. 476, 483.) There was no error in declining to charge defendant's request. It is unquestionably the duty of the court to instruct the jury on each proposition of law submitted to him by counsel bearing upon the evidence. (*Chapman* v. *McCormack*, 86 N. Y. 482; *Zabriskie* v. *Smith*, 13 id. 322, 338; *Foster* v. *People*, 50 id. 598, 601; *Wilds* v. *H. R. R. R. Co.*, 24 id. 439; *Owen* v. *H. R. R. R. Co.*, 35 id. 516; *LeRoy* v. *P. F. Ins. Co.*, 39 id. 56.) Exceptions taken *en bloc* are not available. (*Smedis* v. *B. & R. B. R. R. Co.*, 88 N. Y. 16, 23; Baylies' T. Pr. 240, 241.)

Bradley, J. The plaintiff received an injury, resulting in the amputation of his right leg, while he was in the service of the defendant in the paper-box factory of the latter, in the city of Brooklyn. The plaintiff was engaged at the printing and stamping press, and his business was to take from the cylinder, sheets of straw board as they came from the machine prepared for boxes. In doing this work he sat upon a table two feet in width, extending across that end of the machine and parallel with the cylinder from which the sheets were taken as they came from the press. He sat with his right side toward the cylinder, his feet on the table, and his associate in the work sat facing him on the same table with his feet also upon it. This was the position required to do their work. The table was supported by the projecting sides of the machine, in which were slots, which laterally held the table to its place, but there was nothing to hold it down

except the weight of and upon it. When the machine was in motion the cylinder revolved and the moving press-plate passed under the table and back and forth with rapidity, and under ·the table were also the plungers which operated the bed-plate. The velocity of the cylinder was considerable, and it brought out rapidly the scored and pressed sheets produced from the material with which the machine was fed at the other end. The operation of the cylinder and bed-plate, was such that if the foot or hand of the workman should be caught in between them, it would be seriously injured. The plaintiff's right foot in some manner was caught there, breaking and mutilating it and the lower part of the leg so as to require amputation just above the ankle joint. The questions presented were whether the accident was attributable to the negligence of the defendant, and whether the plaintiff was free from fault.. The evidence bearing upon those questions was conflicting. The evidence on the part of the plaintiff was to the effect, that without his fault the table on which he sat was by some irregular operation under it of the bed-plate or plungers, suddenly thrown up out of the sockets, in which it rested, in such manner as to bring his foot in contact with the moving machinery, which caused the injury. The plaintiff was about thirteen years of age. The other boy on the table jumped from it. The fact that the plaintiff sustained this injury did not charge the defendant with liability unless it was caused by his negligence, and that was dependent upon the fact, first, that the machine was out of order, and second, that he had or was charged with notice that it was so. The evidence upon that subject was that on two occasions before this accident and before the plaintiff went there to work, the table was thrown out in the same manner as in this instance, and on one of those occasions an injury was sustained. Those were the only times so far as appeared, during the period of eight years the press had been in use there, that the table was displaced while the work was going on. And if there was no cause for it other than in the operation of the machinery, it

was some evidence of a defective or imperfect condition, which was liable to place in jeopardy the boys engaged at work upon the table, and would seem to call either for reparation of the movement of the machinery, or for some means of guarding against injury to those employed in that particular service. It seems that in sitting on the table the legs of the boys were necessarily extended with their heels resting on the table and their feet upright. There was what was called a fly bar from which the sheets as they came from the cylinder were taken. This bar was at or near the inner edge of the table. And whether it was low enough to stop the foot, while so standing, of the workman from going into the machinery was a disputed question. At all events, it would not have that effect when the foot was in any other position on the table, and there was evidence tending to prove that protection may have been given by a net work or some guard placed near the inner edge of the table without causing inconvenience to the service. This means of giving comparative safety against danger was, in view of the liability to injury from the defective operation of the machine (if such were the fact), entitled to some consideration on the question of the defendant's negligence, if he had notice of such condition. His duty was to use reasonable care to provide his employes with suitable machinery for the service in which they were engaged, and due care in keeping it in order. His attention had been called to the fact of the injury sustained by a boy, while on the table engaged in this work, three months before the accident in question occurred. And whether that was any notice to him that the machine was out of order, was a question for the jury, inasmuch as there was some evidence tending to prove that the accident then was caused by the negligence of the person injured, although that person testified that he was entirely free from fault. That accident was such as to permit the conclusion that it was the defendant's duty to inquire into its cause, and that if the apparatus was not in proper condition in any respect, the defect may by a careful examination have been discovered. And if the jury

found that it was then defective, they may by reason of the lapse of time have inferred and found that the defendant was chargeable with notice of it. There was sufficient evidence to take the case to the jury and, therefore, the exception to the denial of the motion for nonsuit is not available to the defendant. And this would be so if the facts supplied by evidence after the plaintiff rested and the motion was made, were requisite to support the action. (*Painton* v. *N. C. R. Co.*, 83 N. Y. 7.)

The witness John Murray, the person who received an injury while working at this press about three months before the time in question, having stated that when he was injured he was sitting where the plaintiff did on the table, when his accident occurred, was asked, "How did the injury occur to you?" to which the witness, subject to the exception of the defendant, answered : "It jumped out of the socket in the same way. I was sitting on this side when the press under the table came out." "What happened to you?" "I got my leg broke." "Where did your leg go to?" "Into the bed of the press." The evidence was not important to show merely that another accident had previously occurred there, but its relevancy was in its bearing upon the question of the condition of the machine. It may, upon the evidence, be assumed that no change had been made in it after that time, and that in both instances it was located in the same place and was doing the same kind of work. It is true that the evidence might present a collateral question so far as to open the way to inquiry into the circumstances of the occurrence, with a view to the question whether it was properly attributable to the fault of the machine or of the witness. The evidence in its purpose was directed solely to the character of the press, and, although the cases may not be entirely in harmony upon the subject, it was in that view competent within the rule as recognized in this state. (*Quinlan* v. *City of Utica*, 11 Hun, 217; 74 N. Y. 603; *Pomfrey* v. *Village of Saratoga Springs*, 104 id. 459; *Sheldon* v. *H. R. R. R. Co.*, 14 id. 218; *Crist* v. *E. R. Co.*, 58 id. 638; *Crocker* v. *McGregor*, 76 Me. 282;

49 Am. Rep. 611; *Maggi* v. *Cutts*, 123 Mass. 535.) The question was one of the weight of the evidence and whether it was entitled to any consideration, rather than of its competency.

A witness who was in the service of the defendant was called by the latter and asked to state whether, from his knowledge of the plaintiff's conduct while at the press, he was generally careless or careful, also, whether or not, from what he saw of the plaintiff just at the time of the accident and before it occurred, he was acting in a careful or careless manner while sitting at the press. The evidence thus offered was excluded and exception taken. It did not appear that the witness was present at the time of the accident or saw its occurrence. He had been there shortly before and observed the conduct of the plaintiff, to which he testified. Whether the plaintiff was careless, depended upon the manner he conducted himself, and when that appeared the conclusion whether the accident or injury was, to any extent, attributable to his want of care, was for the jury, and that was a question upon the determination of which the result of the action was dependent. It was not one for expert evidence resting in opinions of witnesses. The fact of care or carelessness of the plaintiff was not one involving any question of skill or science to determine, nor was it founded upon any knowledge peculiar to any class of persons. His conduct, as bearing upon the question of care or want of care, was susceptible of such description as to convey information of it to common understanding, and to enable the jury intelligently to determine it and the relation it had to the accident. In such case the evidence of witnesses must be confined to a statement of facts, and their opinions or conclusions derived from them are not competent. And the numerous cases cited by the defendant's counsel do not seem applicable to the question here. (*Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424; *Schwander* v. *Birge*, 46 Hun, 66.) The evidence of this witness as to what he saw a short time before the occurrence, tended to prove that the attention of the plaintiff was more or less diverted from his work, and this was properly

matter for the consideration of the jury, as bearing upon the question of the care he exercised when he was hurt shortly after, although it may not necessarily have characterized his conduct at that time. There was evidence tending to prove that the plaintiff had been informed of the previous injury to Murray while the latter was at work there. The plaintiff testified that he did not know that it occurred upon this machine. In view of this evidence the court was requested to charge the jury " that if the machine was a dangerous one or defective, and the plaintiff had knowledge of its dangerous or defective character, and defendant was not guilty of actual negligence, then the plaintiff cannot recover." Whereupon, the justice presiding remarked : " I will not charge 'you that in those terms, but I will charge you this : Ordinarily, if an adult, a grown person, is aware of a defective piece of machinery and is set to work with it, and continues to work with it knowing that it is out of order, he takes the risk upon himself. This applies to minors also, with certain qualifications. The law does not require from a boy of thirteen the same mature judgment which it does from a grown person ; and if he knew that it was out of order, whether or not it was negligence on his part to go to work with it, is for you to say. With a grown person, negligence on his part would be a legal proposition which the court would determine, but with a child it is for the jury to say." Exception was taken to the refusal to charge as requested " and to the qualification of the same by stating that the boy was not bound to exercise the same diligence in inspection as any other person." The contention of the defendant's counsel, founded upon this exception (assuming that the machine was dangerous or defective), is that the plaintiff's knowledge of its dangerous or defective character imposed upon him the same degree of responsibility as is applicable to an adult, and that the distinction between them in that respect in favor of a child, is back of that and founded upon the supposition that the latter may not have the knowledge which ordinarily comes with more mature years. . This may be true in a qualified sense, although not absolutely so. As applied to

a child, that responsibility depends upon the appreciation of danger which knowledge of the condition will necessarily give. The plaintiff knew that if his foot got into the machinery it would be injured. So far his knowledge required him to be sensible to danger. This was apparent to him. And so far as danger was known and obvious to him, the boy may have been legally as responsible for his own protection as a full-grown person. (*Hickey* v. *Taaffe*, 105 N. Y. 26; *Buckley* v. *G. P. & R. M. Co.*, 113 id. 540.) But the proposition which the court was requested to charge went further than that, and by it the contributory negligence was treated as a question of law if the plaintiff had knowledge that the machine was defective in character. To this must have been superadded knowledge of the consequences of the defect, which a person of mature years might be assumed to have. But is that rule necessarily, and as matter of law, applicable to one of tender age? It was not necessarily an obvious condition of danger; but was matter of some reflection and judgment to appreciate the consequences which might result from the defective character of the apparatus. For that reason the premises of the proposition, if found by the jury, would not have taken the plaintiff's case out of the ordinary rule applicable to a person of immature years, that the question of his contributory negligence was for them to determine. (*Haycroft* v. *L. S. & M. S. R. R. Co.*, 2 Hun, 489; 64 N. Y. 636; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 326; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 289.) It is unnecessary to and we do not consider the effect to which the proposition would have been entitled if it had been founded solely upon the fact that the plaintiff had knowledge that the machine was dangerous by reason of its defective character. There was no error either in the refusal to charge as requested or in the charge as made in response to the request. The question of the defendant's negligence with ample instruction had been submitted to the jury, and they were well advised by it that such negligence was essential to support the action.

All the exceptions taken on the trial have been carefully examined; and none other than those before mentioned seem to require any expression of consideration. There was no error in the rulings to which they were taken.

The judgment should be affirmed.

All concur, except PARKER, J., dissenting, and HAIGHT and BROWN, JJ., not sitting.

Judgment affirmed.