(15 App. Div. 258.)

DODD v. BELL et al.

(Supreme Court, Appellate Division, Third Department.  March 3, 1897.)

1. MASTER AND SERVANT—DANGEROUS MACHINERY—NEGLIGENCE.

> It is a question for the jury whether defendants were negligent in maintaining an improvised pulley, consisting of rags wrapped on a revolving shaft at the point where a belt went over it, where the loose ends of the rags hung down several inches, and any person repairing or adjusting the belt, which was old and worn, was compelled to stand beside such rag pulley, and plaintiff, while so engaged, had his arm caught in the loose rags and drawn over the shaft.

2. SAME—CONTRIBUTORY NEGLIGENCE.

> In such case, contributory negligence is a question for the jury, where plaintiff, a boy 15 years old, had never worked near the pulley before, had not been warned of the danger, and, when injured, was holding the belt as directed by the engineer, who was repairing it.

Appeal from trial term, Ulster county.

Action by James Dodd, an infant, by Bridget Dodd, his guardian, against Winslow M. Bell and others, to recover for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendants appeal.  Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Herbert C. Smyth, for appellants.

Howard Chipp and E. Dayton, for respondent.

MERWIN, J.  On the 25th day of July, 1892, the plaintiff, then being about 15 years old, and in the employ of the defendants at their

factory, was severely injured by being drawn over a revolving shaft. The verdict for the plaintiff is on the basis that the plaintiff was injured by reason of the negligence of the defendants in having a rag pulley on the shaft. The facts, as established by the verdict, are substantially as follows: The plaintiff worked as a general helper. When he first went to the factory, about three months before the accident, one of the defendants told him to go to William Donaldson and he would set him to work. Donaldson was the engineer and foreman in the department where the accident occurred, and one Krum was assistant engineer. Upon the day of the accident, Donaldson sent plaintiff to grind some needles at a grindstone in the basement. In the upper part of the room, about six feet from the floor, there passed a shaft, from which there was a belt connected with the grindstone, and furnishing power to run it. This belt, when in use, was put upon a pulley made of rags or fragments of goods such as were made in the factory. These rags were wound around the shaft, making a thickness, including the shaft, of about five inches, and extending along the shaft about twelve inches. From this bunch, loose ends, to the number of from five to ten, were hanging down from four to eight inches, depending somewhat upon the speed of the shaft. The rags were of strong material, and dirty, and appeared greasy. Upon the floor below the shaft there was a coal bin, in which there was coal to the depth of about two feet. So that from the top of the coal to the shaft it was about four feet. There was no belt shifter. Donaldson, when he sent plaintiff to grind the needles, told him, if the belt broke, to go to Krum and get him to fix it. It was Krum's duty, under the rules of the factory, to fix the belts when broken in that department. The belt was an old one, and had broken before. The plaintiff went to work, and after a while the belt broke, and he called on Krum to fix it. Krum came, and told plaintiff to get up on the coal bin and put the belt over the shaft, and he did so. Then, as the plaintiff testifies, and as the jury had a right to find, Krum told him to stay up there and hold it, so that it would be more steady for the purpose of fixing it. The plaintiff was in his shirt sleeves, buttoned at the wrist, and as he stood holding the belt the accident happened.

The claim on the part of the plaintiff is that his shirt sleeve was caught by the loose, flying ends or threads from the rag pulley, and in that way his arm pulled over the shaft, and the injury resulted. Whether the accident happened in this way was for the jury to determine. It was also for the jury to say whether the defendants were negligent in maintaining at this place a pulley of that kind in that condition. It was easily accessible, the belt was in a poor condition, and in its repair and readjustment somebody was necessarily liable to be brought in close neighborhood to the pulley. It should not be said, as matter of law, that an accident was so unlikely to happen as to relieve the defendants from any liability. Nor should it be said, as matter of law, that the danger was so obvious that the plaintiff was chargeable with the risk. He had not, as he testifies, ground needles there before; had not been warned or instructed as to the danger from the machinery; had not, before that day, noticed the

bunch of rags. He had no experience in the use of such machinery. Whether he had sufficient knowledge or experience to appreciate the danger in getting near to the loose ends of the rags of the pulley was a question of fact. The cases cited on this subject by the counsel for the defendants do not, we think, reach this case. The defect may be apparent to one understanding the use of machinery, but it does not follow, in a case like the present, that the hazard is assumed. Davidson v. Cornell, 132 N. Y. 228, 30 N. E. 573. The question of contributory negligence was, we think, for the jury. McCarragher v. Rogers, 120 N. Y. 526, 24 N. E. 812; Palmer v. Dearing, 93 N. Y. 7.

It is suggested that the accident was due to the negligence of Krum in telling the plaintiff to stay on the bin and hold the belt. The verdict, however, under the charge of the court, was not based on the theory that Krum was negligent in giving directions, but that the defendants were negligent in maintaining such a pulley. That was the only ground of recovery, as presented by the charge. If Krum's negligence contributed to the result, that would not relieve the defendants. Coppins v. Railroad Co., 122 N. Y. 557, 25 N. E. 915. The defendants, therefore, were not entitled to have charged the request that the direction of Krum, if made, was the act of a fellow servant, for which the defendants are not liable for an injury resulting. The defendants were liable for their own negligence, notwithstanding Krum's negligence. If the request related to an injury solely caused by Krum's negligence, another question would have been presented. It is not clear that Krum, in repairing the belt, was in the position of a fellow servant. The general rule is that it is the duty of the master to keep a machine or appliance in order, and he cannot delegate the duty so as to escape liability. Bailey v. Railroad Co., 139 N. Y. 302, 34 N. E. 918; Cregan v. Marston, 126 N. Y. 568, 572, 27 N. E. 952. In the case last cited an exception is said to exist in regard to defects arising in the daily use of the appliance, for which proper and suitable materials are supplied, and which may be easily remedied by the workmen without the help of skilled mechanics. In Rozelle v. Rose, 3 App. Div. 132, 39 N. Y. Supp. 363, it is said that the operation of mending a belt cannot be regarded, in any sense, as a master's duty. This had reference to the facts of that case. There three servants of the defendant, one of whom was the plaintiff, were working together, and it was said that mending a belt was a service which the three, in the ordinary course of their duty, were bound to perform. It was there sought to charge the defendant with the negligence of one of the three in giving directions to the plaintiff in the course of mending the belt. It was held that the defendant was not liable. Here the duty of mending belts was specially assigned to Krum, the assistant engineer. When the plaintiff called to him to fix the belt, it was his duty to do it, and, as Krum says, there was no other person to fix it. There is therefore some ground for saying that this was not within the exception in the Cregan Case. That question, however, need not be here decided.

Our attention is called to two rulings upon objections to evidence. In one instance a witness for plaintiff was asked and permitted to answer the question, "What do you say as to the probability of one

being caught by a pulley wheel being improvised of rags?" The witness was an expert machinist, and acquainted with the practical operation of shafting and belting. The effect upon such a pulley of the rapid revolution of the shaft was, to a certain extent, not within the observation of those not experienced in such business. It was not objected to as not being a proper subject for opinion. The answer was: "I should think it would be more dangerous than a smooth pulley would be. It would be more apt to catch one; * * * would catch your clothes a good deal quicker than a smooth pulley." No reversible error is apparent. A witness for the plaintiff, after being examined and cross-examined in regard to pulleys of iron or wood suitable for use in a situation like the one in controversy, was, on redirect examination, asked the cost of such pulleys. This was objected to as immaterial, but admitted. He had previously stated, without objection, that: "You can get them any size. They are not very expensive." No appreciable error is apparent. It follows that the judgment should be affirmed.

Judgment and order affirmed, with costs.   All concur.