**BRENNER et al. v. MENAKER et al.**

District Court, S. D. New York.

Nov. 15, 1940.

Robert R. Bauman, of New York City, for plaintiffs.

Phillips & Ahearn, of New York City (J. Austin Lyons, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

The infant herein sought damages for injuries received as a result of the defendants' negligence. At the time of the accident the infant was twelve years of age and was a camper in a boys' camp maintained by the defendants.

The claim of negligence is, that the infant fell from a horse while receiving horseback riding instructions. The accident occurred while the infant was receiving his second lesson. The infant and three other boys were told to mount the horses, the instructor remained unmounted while the four boys mounted. The instructor explained how to mount the horse and how to hold the reins lightly in the fingers of the hand. At the first lesson and the lesson at which the infant was injured, the boys walked and trotted the horses in a single file while the instructor remained unmounted, with no assistant instructors mounted or near the boys. During the course of the instruction the infant was told to sit upright in the saddle with his feet out of the stirrups and to hold the reins lightly and to maintain his mount by pressing against the horse's flanks with his knees. The boys were told to trot their horses with that position maintained.

Evidence of experts produced by the plaintiffs showed that this method of teaching was improper. Testimony was offered to show that in prior accidents boys had fallen off horses while receiving similar instruction.

The accident occurred in the State of Massachusetts, therefore the law of that State prevails. No authorities were cited showing any case in point.

The defendants owed a duty to the infant to exercise reasonable care in the instruction given to him. The duty of care with respect to horseback riding instructions is a duty that is commensurate with the risk involved. The defendants were under obligation to furnish an instructor with the skill, caution and experience ordinarily possessed by instructors. The father of the infant who made the contract had a right to rely upon the fact that the defendants' instructor was competent and capable of performing the services of an instructor. Greater care is

required in the instruction of a child of tender years than an adult.

■ Evidence of experts may be admitted to show the proper method of instruction and the jury have a right to consider expert testimony upon this subject.

■ Evidence of prior accidents to boys during horseback riding instructions from the same instructor is not admissible to show negligence on the part of the instructor. Assuming that other boys have fallen while receiving horseback riding instruction, that does not establish improper instruction. Even expert horseback riders fall off horses and certainly beginners receiving instruction occasionally fall from horses without any negligence chargeable to the instructor. Assuming that six boys had fallen off horses while receiving instruction from this instructor, the Court on the trial of the infant's case here would be required to try six other accident cases to determine the age of each boy, the place where he was riding, his mental alertness and knowledge, his ability to sit on a horse, and many other factors which could be pointed out. This ruling is not in conflict with the holding, that in an accident case the plaintiff is entitled to prove defendant's notice and knowledge of inherent dangers by proof of prior accidents under 'substantially similar conditions.

■ The jury may consider upon the question of negligence testimony relating to prior accidents of a like or similar character occurring under the same conditions. Glynne v. National Exhibition Co., 204 App.Div. 757, 198 N.Y.S. 751; Spooner v. Delaware, Lackawanna & Western R. R. Co., 115 N.Y. 22, 21 N.E. 696; Field v. New York Central R. R. Co., 32 N.Y. 339; McCarragher v. Rogers, 120 N.Y. 526, 24 N.E. 812.

¯In the case of Field v. New York Central R. R. Co., supra, the plaintiff sued the railroad company for damages for a fire originating from coals dropped on the track from a locomotive. The Court held that evidence that locomotives had on former occasions dropped coals at or near that place was admissible.

In the case of McCarragher v. Rogers, supra, plaintiff, an infant, was injured in defendant's factory while sitting at a table which was thrown out of place so that his foot was injured by the moving machinery. The plaintiff was allowed to prove that on two prior occasions the table had been similarly displaced and one person injured, that the last occasion was three months before the accident to the plaintiff and this was brought to defendant's notice. Such evidence was held admissible.

These cases, plaintiffs claim, are the nearest in point but they fall short of holding that testimony of prior accidents under the circumstances herein stated are admissible. If prior accidents to boys falling off horses in a camp were admissible, the trial would be unduly prolonged and the jury would become confused because it would be required to decide not only plaintiff's case but it would be required in deciding plaintiff's case to decide the causes of· all the other accidents. The evidence herein as to prior accidents is therefore not admissible.

This opinion merely amplifies the. reasons given upon the trial for the exclusion of the proffered evidence.