## COUNTY OF KENNEBEC.

---

Lawrence and Wife *versus* Inhabitants of Mt. Vernon.

Whether the user of a road, by which it has become a public way, extended to the whole space between the fences, or only to the wrought part between the gutters, is a question for the jury.

Proof that a space had been fenced out more than twenty years, and that a strip, occupying a part of that space, had for more than twenty years been wrought

by the town and traveled by the public as a road, will not show, *as matter of law,* that the *whole of the space* had become, by user, a public highway.

In a suit for an injury, sustained by the upsetting of a carriage through a defect in the highway, evidence, that on former occasions, the driver had " appeared to be a competent driver," *seems* to be inadmissible.

On Exceptions from *Nisi Prius,* Wells, J. presiding.

Case for injury sustained by the wife, by being thrown from a wagon through a defect of the highway in Mount Vernon.

One Eaton was driving the wagon when the accident occurred. The defendants contended that in his driving, there was a want of the requisite care. The plaintiff called several witnesses, who testified that they had seen Eaton driving, " at other times before the accident, and that he appeared to be a competent driver on such occasions." This testimony was objected to but was received.

The plaintiffs contended, that the injury was occasioned by the horse taking fright at a pile of shingles. There was evidence tending to show, that the shingles at the time lay from three to four feet beyond and outside of the ditch which bounded the travel way, though the end of one bundle of them lay in the ditch. The plaintiffs introduced no record in evidence of the location of the way, but to establish its existence called several witnesses, who testified that the road had been traveled for more than twenty years before the day of the accident, and that the exterior fences were then where they had been for many years before ; and one witness stated the fences to have been there for twenty-five years, and that several rods north of where the accident happened, he knew that materials had been taken from either side for repairs, and the stones taken from the traveled part were thrown up either side and back to the fences. The highway was fenced in the manner highways usually are, and between the fences was forty-nine feet space, and there were twenty-nine feet between the ditches, and ten feet from the ditch to the fence, on the side where the shingles lay. The defendants requested the Judge to instruct the jury that, if the plaintiffs have not proved that the shingles lay within the limits of the high-

way, they cannot, for this reason, maintain their action; and that, if the only proof of the existence of the highway is the proof of a user for more than twenty years, the way is no wider than the extent to which it was so used. The Judge instructed the jury that, if the shingles lay outside of the ditch as the witnesses stated, and were of a character to frighten horses passing over the highway so used, and did frighten the horse in the present case, while traveling within *the limits of the* highway so used, and thereby cause him to overturn the wagon in which the plaintiff was riding, and occasion the damage in the present case, the highway would be defective and out of repair; and the other facts necessary to support the action being proved, the defendants would be liable, although there was no evidence of any actual user of the highway beyond the ditch aforesaid."

The verdict was for the plaintiffs, and the defendants excepted.

*H. W. Paine*, for the defendants.

1st. The testimony of the witnesses, as to the competency of Eaton as a driver, was improperly admitted. — Because it was irrelevant, and, because it was opinion merely. *Scott v. Hale*, 16 Maine, 326.

2d. The Judge erred in instructing the jury, that the defendants would be liable, though there was no evidence of any actual user of the highway where the supposed defect existed. The evidence should have been left to the jury with instructions for them to find whether the user did not extend far enough to embrace the defect. *Sprague v. Waite*, 17 Pick. 359; *Hannum & ux. v. Belchertown*, 19 Pick. 311.

*Morrell*, for the plaintiffs.

There are two points presented by the exceptions. —

1. Was evidence admissible for the plaintiff to show, that Eaton had been observed to drive carefully on other occasions, and appeared to be competent on *such* occasions?

2. Were the instructions in regard to the user of the road and the liability of the town correct?

Lawrence *v.* Mt. Vernon.

The first point is not relied upon by the counsel, apparently, and does not require notice.

On the second point, the instructions were, that although the shingles lay outside of the ditch, and outside of the wrought part of the road, that part actually used, yet they would be such an incumbrance as to render the road defective ; and, that if the other facts necessary to make out a case, i. e. if the limits of the road were the fences, the defendants would be liable, although no actual user beyond the ditches was shown. These instructions met the case precisely, and are warranted by the evidence.

The requested instruction was not authorized by the proof.

1. It was unauthorized, because it required that the instructions should be given upon a hypothetical point.

2. Were the shingles within the limits of the highway ?

The highway was fenced as highways usually are ; and had been used as fenced for twenty-five years; there were forty-nine feet between fences, twenty-nine feet of which were between the ditches.

Near the spot, north, materials had been taken from either side of the way, and stones thrown back to the fences.

Did this evidence authorize the jury to find a way extending to the fences ? R. S. c. 25, § 100.

" When fences have been erected or continued more than twenty years fronting upon or against any highway, &c., and from length of time or otherwise, the boundaries are not known, or cannot be made certain by the records and monuments, *such fences shall be taken to be the true boundaries thereof.*" By this rule, the shingles were within the road. 17 Pick. 309 ; 19 Pick. 311 ; 8 Metc. 584 ; 13 Metc. 118.

Here was evidence of over twenty years adverse and uninterrupted use by the public, which would give the town the right and subject it to the legal consequences of such way.

It was competent to prove the road by such use without resorting to the record. 18 Maine, 409.

APPLETON, J. — The existence of the road in traveling over which the accident which is the subject of this suit, occurred,

was proved by user alone, and whether that user extended beyond the actual travel, was a material fact upon the determination of which the rights of the parties might depend. The jury might find the user coëxtensive only with the actual travel, and if so, the alleged cause of the injury would not be within the road, as found by them. They might, upon the evidence, have deemed the road to extend beyond the traveled path so as to include the shingles, which the plaintiffs claimed to have been the cause of the injury, within its limits. The boundaries of the road as established by user were to be determined by them, and that issue should have been distinctly presented.

It is well settled that for any defect, however slight, the town is responsible, if damage occurs in consequence thereof without fault or negligence on the part of the person injured. But what is a defect and whether any defect however slight exists, is to be submitted to the jury. The law has not prescribed what imperfections in a road would constitute the defect referred to in the statute ; it was a fact for the jury to settle, what condition would render it safe or otherwise." *Merrill* v. *Hampden,* 26 Maine, 234. So too, the question of ordinary care on the part of the person driving must depend upon the facts as they may be developed in each case, and is one entirely for the determination of the jury. In *Bigelow* v. *Rutland,* 4 Cush. 247, instructions respecting ordinary care, precisely like those given in this case in reference to defects in the road, were requested by counsel and refused by the Court, and such refusal was held in accordance with the law. The instruction, as given, withdrew the question as to whether there was a defect or not from the jury, and the Court determined absolutely, as matter of law, what should be considered as a defect. The Court should have left that question to the tribunal, to whom its decision exclusively belongs. *Morton* v. *Fairbanks,* 11 Pick. 368 ; *Percival* v. *Maine Mutual Ins. Co.* 33 Maine, 242.

*Exceptions sustained. New trial granted.*

SHEPLEY, C. J., and TENNEY, HOWARD and RICE, J. J., concurred.