## MICHAEL MCDONALD *vs.* INHABITANTS OF SAVOY.

In an action against a town under the Gen. Sts. *c.* 44, § 22, to recover damages for injury to the plaintiff's horse occasioned by a defect in a highway on which the plaintiff was travelling, evidence that the plaintiff was commonly careful and skilful in driving is not admissible to show that when the accident occurred he was in the exercise of due care.

In an action against a town under the Gen. Sts. *c.* 44, § 22, to recover damages for injury to the plaintiff's horse, alleged to have been occasioned by a defect in a highway on which the plaintiff was travelling, a witness, called by the defendants, testified that he saw the plaintiff driving in the town on the day of the accident, but that he could fix the day as the time of the accident only from the fact that, on the evening of the day when he saw the plaintiff, a person told him that the plaintiff's horse had been injured on the same day. *Held*, that the admission of this testimony gave the plaintiff no ground of exception.

TORT on the Gen. Sts. *c.* 44, § 22, to recover damages for injury to the plaintiff's horse, caused by a defect in a highway, on which the plaintiff was travelling, and which the defendants were bound to keep in repair. Trial in the Superior Court, before *Brigham*, C. J., who, after a verdict for the defendants, allowed the following bill of exceptions :

" The plaintiff offered the testimony of witnesses that he was commonly careful and skilful in driving his team, as competent to show that when the accident occurred, he was exercising due and proper care. To this evidence objection was made and it was rejected.

" Daniel Ingraham, called by the defendants as a witness, testified that he saw the plaintiff in Savoy, driving his team on the day of the accident, but could fix the day as the time of the accident only from the fact that on the evening of the day when he saw the plaintiff pass, one Carpenter told him the plaintiff's horse was hurt on the same day. The plaintiff objected to this, but it was admitted. To these rulings the plaintiff excepted."

*J. C. Wolcott*, for the plaintiff.

*H. L. Dawes*, (*W. T. Filley* with him,) for the defendants.

CHAPMAN, C. J. The burden was on the plaintiff to prove that at the time of the accident he was using due care in the management of his horse. On this point he offered to prove " that he was commonly careful and skilful in driving his team," but this

evidence was rejected.    A majority of the court are of opinion that this rejection was in accordance with the decision in *Tenney* v. *Tuttle*, 1 Allen, 185.   In that case there had been a collision of carriages on the highway and the defendant offered to show his own character as a careful, prudent and cautious man, as bearing on the question whether he had used ordinary care on this occasion.   The evidence was held to be inadmissible.   Metcalf, J., stated the principle to be that " when the precise act or omission of a defendant is proved, the question whether it is actionable negligence is to be decided by the character of that act or omission, and not by the character for care that the defendant may sustain."   The same principle was held in *Gahagan* v. *Boston & Lowell Railroad Co.* 1 Allen, 187.   In *Adams* v. *Carlisle*, 21 Pick. 146, a suggestion was made that, in a case like the present, evidence that the person driving was commonly careful and skilful might be admissible.   But it was only a suggestion and is at variance with the principle decided in the cases above referred to, and with the law as stated in the text books.   1 Greenl. Ev. § 55.

Objection was made by the plaintiff to the admission of Ingraham's testimony offered by the defendants.   He stated that he saw the plaintiff driving his team on the day of the accident.   But he could fix the day as the time of the accident " only from the fact that on the evening of the day when he saw the plaintiff pass, one Carpenter told him the plaintiff's horse was hurt on the same day."   This evidence alone would not be sufficient to prove that he saw the plaintiff on the day of the accident; but it was admissible, in the discretion of the judge, as forming one link in a chain of proof.   Evidence in addition to this, that the day when he heard of the accident from Carpenter was the day when it happened, would establish the fact that it was the day when he saw the plaintiff.   The only objection made to the evidence was to its admissibility.   It does not appear what other evidence was offered, if any, or what instructions were given in regard to it. A majority of the court think it was rightly admitted; but as it does not appear that it was connected with anything else, it does not appear to have been material.          *Exceptions overruled.*