WILLIAM D. MANSFIELD, executor, *vs.* EMELINE W. FROBISHER & another.

Upon the trial of issues whether a will disinheriting the sisters and heirs of the testatrix was made when she was of unsound mind or under undue influence, the executor introduced evidence that before the time of making her will she had said that her sisters were ashamed of her and had tried to put and keep her down, and that she was bitter against them. The sisters then offered evidence that they had allowed their property to be used for her support. *Held,* that the refusal of the judge to admit this evidence furnished no ground of exception in the absence of evidence that she knew that her sisters allowed their property to be so used.

APPEAL by Emeline W. Frobisher and Georgianna Everett, only sisters and heirs of Antoinette E. Mansfield, wife of William D. Mansfield, from a decree of the Court of Probate, allowing an instrument, dated April 14, 1870, as her last will. By this instrument she gave all her estate to her husband and appointed him her executor.

At the trial, before *Morton,* J., two issues were framed for the jury : *First.* Whether she was of sound mind when she executed the instrument. *Second.* Whether she was induced to execute it by undue influence. The subscribing witnesses to the will testified to its execution and to her sanity ; and it appeared that she was married on March 16, 1870, and died in January 1871, without issue, and being about twenty-five years old.

The appellants introduced evidence tending to show that from the age of five years until her death she was subject to epileptic fits which produced imbecility of mind; and also other evidence tending to show that she was not of sound mind when she executed the instrument.

The appellee introduced evidence tending to show that she was of sound mind, and one of the witnesses called by him testified without objection " that before executing the instrument she at one time told the witness that her sisters did not like to have her dress as well as they did, and that they wanted to keep her down and were ashamed of her on account of these fits," and he also testified that she was quite bitter against her sisters.  Another witness, called by the appellee, testified " that Antoinette, sometime before executing the instrument, told her that she had been put down by her sister, Mrs. Frobisher, and that Mrs. Frobisher never would introduce her to any person, but would tell her to hush up."

In rebuttal, the appellant, Emeline W. Frobisher, who had been examined as a witness, was recalled, and was asked whether or not after the death of their father, who died in 1868, she and her sisters allowed their income from the father's estate to be used for the benefit of Antoinette, but the judge excluded the question.

The counsel for the appellants, in the closing argument, contended that the feelings of Antoinette towards her sisters were without cause and the result of an unsound mind.  The jury found both issues in favor of the appellee.  The appellants alleged exceptions.

*J. D. Ball*, for the appellants.

*R. D. Smith*, for the appellee.

CHAPMAN, C. J.  It is not apparent how the fact that Mrs. Frobisher and her sisters allowed their income from their father's estate to be used for the benefit of their sister Antoinette would tend to contradict the testimony introduced to prove her statements that they did not like to have her dress as they did, that they wanted to keep her down, that they were ashamed of her on account of her fits, and that they put her down, and would never introduce her to any one, but would tell her to hush up.  Certainly it would not prove that her talk was absurd and indicated insanity, unless it also appeared that she knew of their kindness.

A judge may, in his discretion, allow a fact to be proved as one link in a chain of evidence, although it proves nothing with-

out other facts. *McDonald* v. *Savoy*, 110 Mass. 49. But there was in this case no suggestion that the party intended to offer evidence that Antoinette had knowledge of the facts offered in evidence, and therefore the exclusion of the evidence was clearly right. *Exceptions overruled.*