## STATE v. BURNS.

Where accused did not either demur or move to quash an information for duplicity, nor move to require the state to elect on which of the two offenses charged in the information it would stand, he waived the question of duplicity, and the evidence being sufficient to sustain a conviction of either offense, could not be heard to complain.

The admission in evidence of a writing, otherwise incompetent, is not permissible under the guise of refreshing the memory.

A writing cannot be used to refresh the memory without proper foundation being laid.

A member of a partnership is not the agent of each partner individually ,and cannot bind members of the firm severally or any number less than the whole as a firm.

One partner is not generally liable for the crime of a copartner, unless he himself participates therein.

Pol. Code, § 2852, makes all persons engaged in the unlawful sale of liquor whether as owner, agent, or employee equally liable as principals, and also makes a principal liable for the acts of his agent. One member of a partnership of druggists sold intoxicating liquor, and thereafter the other member of the firm received the pay therefor, and delivered a statement showing the liquor purchased and receipted in the firm name. **Held** that, there being no evidence that the partner who sold the liquor had any connection with or knowledge of the receipt, any admission or declaration therein was not admissible against him.

(Opinion filed, April 26, 1910.)

Appeal from Circuit Court, Day County. Hon. FRANK McNULTY, Judge.

M. J. Burns, a registered pharmacist, was convicted of violation of the law relative to the sale of intoxicating liquor, and from the conviction and an order denying a new trial he appeals. Reversed and remanded.

*Sears & Potter,* for appellant. *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *Frank Anderson, State's Atty.,* for the State.

McCOY, J. The appellant, M. J. Burns, and one Ray Burns, as defendants, were jointly informed against and charged as registered pharmacists with having violated the laws of this state in relation to the sale of intoxicating liquors. The trial resulted in the conviction of M. J. Burns, appellant; the prosecution having dismissed the cause as to the defendant Ray Burns. Motion for new trial was made by M. J. Burns and overruled, and he has brought the cause before this court on appeal.

There are but two questions involved:

First. Appellant contends that he was charged with one offense and convicted of another. The information, in substance, charged that defendants, M. J. Burns and Ray Burns, were copartnership members of the firm of Burns Bros., owners of a pharmacy within the corporate limits of the town of Pierpont, Day county; that an election was held in said Pierpont on the question of "shall intoxicating liquors be sold at retail," and that

a majority of the electors decided against the sale of such liquors; that the defendants as such pharmacists willfully and unlawfully sold to one Rosenlund intoxicating liquor, towit, three quarts of alcohol and one quart of whiskey, to be drank as a beverage, and which alcohol and whiskey were then and there sold by defendants to said Roselund without a doctor's prescription therefor, and defendants not having then and there a license to sell intoxicating liquors at retail to be used as a beverage, and said liquors not having been then and there sold for medicinal, mechanical, scientific, or sacramental purposes. This information was evidently drawn under section 2860, Pol. Code, as amended by chapter 176, Laws 1907. It is clear that this information charges two separate and distinct offenses, viz., unlawful selling of intoxicating liquors by a pharmacist without a doctor's prescription within an incorporated town that has voted against such sale, and unlawful selling of intoxicating liquors by a pharmacist to be used as a beverage. The appellant did not demur or move to quash such information on the ground of duplicity, and neither did appellant move the court to require the state to elect on which one of these two offenses charged in the information the state would seek a conviction. Under these circumstances, we are of the opinion that appellant waived the question of the duplicity of the information, and, if the evidence was sufficient to sustain a conviction for either offense charged, the defendant could not be heard to complain. Bishop, Crim. Pro. §§ 436-448. We are of the opinion that there was sufficient evidence to sustain a conviction for unlawful selling as a beverage.

Appellant's second contention is that the court erred in overruling proper objections to the introduction in evidence of the paper marked "Exhibit 4," which is as follows:

"Mr. Alx Rosenlund, Pierpont, S. D.

"To  Burns  Bros.......................................Dr.
1908.
Mar.  3,  Rx.  Alco.................................. $1.25
Mar.  8,  Rx.  Alco..................................  1.25
Mar. 10,  Rx.  Alco..................................  1.25

                                                        $4.50

                    "Pd.  5-23-08.

                                        "Burns  Bros."

Rosenlund testified that on March 3, 8, and 10, 1908, at the drug store of defendants in Pierpont, he purchased from defendant, M. J. Burns, one quart of alcohol on each of said dates, to be used as a beverage, that he did not pay for the same at the time of purchase, but on March 23d following he paid for the same to Ray Burns, the brother and business partner of defendant, M. J. Burns, who was then in charge of said store, and that at the time of such payment said Ray Burns gave to him said "Exhibit 4." Although one of the questions propounded to Rosenlund by the prosecuting attorney was as follows: "I will call your attention to this statement for the purpose of refreshing your memory, and ask you what day you obtained this statement"—yet there is no testimony on the part of Rosenlund, nor is it in any manner shown by the record, that the memory of the witness was in any manner deficient or in need of being refreshed. He had not stated that he did not remember the dates on which he claimed to have purchased intoxicating liquors from defendant, M. J. Burns. In jurisdictions where writings may be used for the purpose of refreshing the memory, it is never admissible to obtain the reception in evidence of written or printed papers, otherwise incompetent under the guise and pretense of refreshing the memory, and neither can such a writing be used to refresh the memory without proper foundation being laid. There was no foundation laid for the use of Exhibit 4 for the purpose of refreshing the memory of the witness. This exhibit was offered in evidence generally; the offer not being limited to any particular purpose. There is no evidence in the case that Ray Burns individually ever violated the law by making an unlawful sale of intoxicating liquors as a beverage, or that he knew or had any knowledge that M. J. Burns had made any unlawful sales. The evidence as to unlawful sales relates solely to M. J. Burns. There is no evidence tending to show in whose handwriting this Exhibit 4 is, or that the defendant M. J. Burns ever had any connection therewith, or ever had any knowledge thereof. Rosenlund testified that, when he paid for the alcohol on March 23d, Ray Burns gave him the exhibit, and this leads us to the vital question as to

how far and when one member of a copartnership firm, as agent, may bind the other members of the firm by his admissions or declarations. Of course, a member of a partnership may bind himself, and under certain circumstances may bind the firm, by his admissions and declarations, but the question is, can he bind the other members of the firm by his admissions and declarations? It seems to be generally held that a partner charges the partnership firm by virtue of an agency to act for it, and how far his admissions and declarations are receivable in evidence depends on the doctrine of agency as applied to a partnership. 2 Wigmore, Ev 1078; 2 Am. & Eng. Ency. Law and Prac. 814. It will be observed that this rule of agency only applies between the members and the firm—that the members are agents of the firm, but are not agents of each other. Each partner is the general agent of the firm to carry out its objects and transact its business in the usual and ordinary way. He is not the agent of each partner individually, and hence cannot bind members of the firm severally or any number of them less than the whole as a firm, and this within the scope of its ordinary business. Bates, Law of Partnership, § 315. Generally one partner is not liable for the crimes of a copartner, unless he himself has jointly participated therein; otherwise a good man might be made to suffer for the acts of a bad one, although there is an exception to this rule under the statute of some states in relation to the sale of intoxicating liquors. Bates, Law of Partnership, § 488. Under section 2852, Pol. Code S. D., all persons engaged in the unlawful sale of intoxicating liquors whether as owner, clerk, agent, servant, or employe shall be equally liable as principals, and any person or principal shall be liable for the acts of his clerk, servant, agent or employe for a violation of the law. It will be observed that, under this section, agents are liable the same as principals for their own acts in violation of the law, and the principal is liable for the acts of his agent, although the principal took no part in the act, but there is no liability under this section on the part of the agent for the unlawful acts of the principal in which the agent did not participate; neither is there any liability under this section

against a partner who took no part in the unlawful act for the unlawful acts of his copartner. There being no evidence that Ray Burns had any connection with or knowledge of the unlawful sale by M. J. Burns to Rosenlund the act of Ray Burns in receiving the pay and delivering the Exhibit 4 was not within itself an unlawful act nor any part of the unlawful act between M. J. Burns and Rosenlund. There being no evidence tending to show that M. J. Burns had any connection with or knowledge of the said exhibit it necessarily follows that any admission or declaration contained in said exhibit was not the act of M. J. Burns nor the act of any one authorized to perform such act for him, and would therefore not be competent evidence against him.

As the contents of this exhibit are necessarily prejudicial to appellant, the judgment of the circuit court must be reversed, and a new trial ordered, and the cause ·remanded.