CLIFFORD HANSON, an Infant, by Charles Hanson, his Guardian *ad Litem,* Respondent, v. W. P. THELAN, Appellant.

(173 N. W. 457.)

**Physicians and surgeons — duty to exercise ordinary care, diligence, and skill.**

1. A physician owes to his patient the duty to exercise reasonable and ordinary care, diligence, and skill, such as are ordinarily possessed by physicians practising in similar localities in the same general line of practice.

**Physicians and surgeons — action for breach of professional duty — question of patient following directions.**

2. In an action against a physician for breach of his professional duty to his patient, the patient cannot recover if he has not conformed to all reasonable directions of his physician, or if his conduct has contributed to the injury upon which the action is based.

**Physicians and surgeons — action for malpractice — question of surgeon's negligence one of fact for the jury.**

3. In an action for malpractice against a physician for breach of his professional duty in treating a fractured limb, where the plaintiff contracted erysipelas as the alleged result of bandaging cloths or bandages and lacing a shoe too tightly upon the limb of the plaintiff, and of the failure to properly attend thereto, it is *held* under the evidence that the questions of defendant's

negligence, and of the plaintiff's contributory negligence, were fairly questions for the jury.

Opinion filed May 5, 1919.

Appeal from District Court, McClean County, *Nuessle, J.,* from judgment for plaintiff and from order denying judgment *non obstante,* or for a new trial.

Affirmed.

*Miller, Zuger, & Tillotson* and *Newton, Dullam, & Young,* for appellant.

The burden is always on the patient to prove that the particular injury complained of resulted from want of care or skill on the part of the physician, and a bare possibility of such result is not sufficient. The burden of proof is not shifted by showing that an unsuccessful result has attended the treatment of the patient by the physician. 21 R. C. L. § 49, pp. 406, 407.

Physicians and surgeons are not insurers of a successful result of medical treatment or surgical operation, nor that patients shall not contract other disease while in their charge; and a scintilla of evidence showing that it was possible that plaintiff's leg became infected during the course of the treatment will not support a verdict. McKee v. Allen, 94 Ill. App. 147; Ewing v. Goode, 78 Fed. 442 (opinion by Taft, C. J.).

Even where the evidence is as consistent with the absence as with the existence of negligence, the case should not be left to the jury. Ewing v. Goode, supra; Pelkey v. Palmer (Mich.) 67 N. W. 561; 30 Cyc. 1588; Farrell v. Haze, 122 N. W. 197.

Unless the court can clearly see that the injury complained of was the result of some particular act or omission on the part of the defendant, not even nominal damages should be sustained. Ewing v. Goode, supra; Martin v. Courtney, 87 Minn. 197, 91 N. W. 487.

It has been held that a physician is not chargeable with negligence for failure to use his best skill and ability, if he uses the care and skill which are exercised by physicians of ordinary care and skill in similar communities. Doris v. Worford (Ky.) 9 L.R.A.(N.S.) 1090;

Whitesell v. Hill, 37 L.R.A. 83; Miller v. Toles (Mich.) L.R.A.1915C, 595, 150 N. W. 118; 5 Thomp. Neg. § 6713.

The plaintiff must show not only that the physician or surgeon was negligent or unskilful, but also that the injury resulted from such negligence or unskilfulness. There can be no recovery if no injury resulting from the act or omission, pointed out, of the physician, is shown. Craig v. Chambers, 17 Ohio St. 523; Ewing v. Goode, 78 Fed. 442; Hrubes v. Faber (Wis.) 157 N. W. 519.

The mere fact that plaintiff contracted erysipelas is not of itself evidence of malpractice. Wood v. Boucher, 49 Mich. 295; Piles v. Hughes, 10 Iowa, 579; Simmons v. Parker, 41 Ill. App. 284; Boucher v. Larochells (N. H.) 68 Atl. 670, 15 L.R.A.(N.S.) 416, and note; Hrubes v. Faber (Wis.) 157 N. W. 519.

The verdict of the jury to the effect that the failure of the defendant to exercise ordinary care and skill resulted in the infection of plaintiff's limb is a mere conjecture. Hrubes v. Faber (Wis.) 157 N. W. 519; Farrell v. Haze (Mich.) 122 N. W. 197; Neifert v. Hasley (Mich.) 112 N. W. 705.·

The fact that other appliances are known to the profession and might have been used is no evidence of malpractice. See Miller v. Toles (Mich.) 150 N. W. 118, L.R.A.1915C, 595, and note; Cozine v. Moore (Iowa) 141 N. W. 424; Ewing v. Goode, 78 Fed. 442; Pettigrew v. Willard, 46 Kan. 78.

*Fisk & Murphy* and *McCulloch & McCulloch,* for respondent.

The trial court very properly refused to hold as a matter of law that plaintiff had failed to make out a case entitling him to go to the jury. Baute v. Haynes, 12 L.R.A.(N.S.) 752.

BRONSON, J. This is an action for damages sustained through malpractice. The plaintiff is a minor who, at the time of his injury, in the month of March, 1916, was sixteen years old. In the trial court a verdict was returned in favor of the plaintiff for $300. From the judgment entered thereupon, and from the order of the trial court denying a motion for judgment *non obstante,* or for a new trial, the defendant has appealed. The substantial facts are as follows:

The infant plaintiff on the 31st day of March, 1916, sustained a fracture to his right leg between the knee and the ankle. Both bones were

fractured. The boy was placed in a hospital under the care and in charge of the defendant, a physician and surgeon. There is some testimony in the record to the following effect: The doctor for about three days applied ice packs to reduce the swelling; then he set the bones and inclosed the leg and foot in a plaster cast. The boy complained of suffering pain, and in about a week the cast was cut open and the leg then tightly bound and bandaged with cloths. Then, after three weeks, these bandages were taken off and then a board was placed under the leg and foot, they were wrapped in bandages, and a weight and pulley attached, weighing some 10 pounds. The boy remained in this condition for some two weeks, and then these appliances were removed and a shoe laced on tightly, next to the bare foot, with some cotton batting inserted, and a weight and pulley attached to the same. Prior to attaching these last appliances there were sores or bruises on his foot. Some two weeks later the shoe was removed, after the boy had complained of suffering, and the foot was then black and blue. The physician, some three days thereafter, put some salve on these sores. Dr. Ramstad of Bismarck came to Wilton, examined the boy, and stated that erysipelas might be expected. The boy became quite ill. They removed him to the Bismarck Hospital at Bismarck, where erysipelas developed, and where he became very ill for many days. There he remained for seven weeks. The main question in the record is whether the erysipelas developed from the method of treatment accorded by the doctor, and whether the doctor was derelict in his duty in that regard. The appellant in his specifications contends that the evidence is insufficient to warrant the verdict for the reason that there is no direct evidence in the record that the condition of erysipelas was brought upon the plaintiff by any act or omission of the defendant; also he complains of rulings of the trial court upon the admission of evidence, and that, furthermore, the plaintiff by his own conduct in going out when the fracture was mending, contrary to the instructions of the physician, and otherwise disobeying instructions given by the physician, precludes any recovery.

Erysipelas is a type of infection. 3 Whart. & S. Med. Jur. § 227. The gist of the negligent acts, if any, of the physician particularly refers to the manner in which he applied the shoe to plaintiff's foot, and the attention that he gave thereto. The law is now well settled that the physician owes to his patient the duty to exercise reasonable and ordinary care, diligence, and skill such as are ordinarily possessed by physi-

cians practising in similar localities in the same general line of practice. Note in 37 L.R.A. 830; see 12 L.R.A.(N.S.) 752; 93 Am. St. Rep. 657; 48 Am. Dec. 481; and 30 Cyc. 1575. It is equally well settled that the patient must not have contributed to his injury in any degree; that he must conform to all reasonable directions of his physician, otherwise he cannot recover. 5 Thomp. Neg. § 6795, p. 1090. See notes in 37 L.R.A. 830; 17 L.R.A.(N.S.) 1242; and 30 Cyc. 1580. We have examined the record in this regard, and are satisfied upon the whole that this question of plaintiff's contributory conduct or failure to obey the instructions of the physician, disputed somewhat in the evidence, was fairly a question for the jury. With reference to the contention of the appellant that there is no direct or positive evidence to show that the resulting erysipelas was proximately caused by the acts of the defendant, we are satisfied from a consideration of the testimony of the laymen in connection with the expert testimony of two doctors for the plaintiff, that the trial court did not err in submitting the question of defendant's negligence to the jury. There is some evidence in the record to the effect that the manner in which this shoe was bound to the foot of the boy was not properly done; that, furthermore, it was not examined sufficiently regular or often by the doctor. The expert evidence in this regard is not strong, but nevertheless, upon the whole record, we are not disposed to determine, as a matter of law, that the treatment accorded was not negligent. We have also examined the rulings of the trial court with reference to the admission of evidence concerning which specifications of error are made, and we find no prejudicial error in the rulings of the trial court. The appellant asserts that defendant's good reputation as a physician is at stake, and that this court should not condemn the defendant as an incompetent or careless practitioner upon the record herein; it does not follow that this judgment so rendered, or its affirmance, does so condemn the defendant. Surely physicians and surgeons are liable to make mistakes and to err in the performance of their duty to the patient occasionally, just the same as any other profession or any other trade. For a physician or a surgeon to assert that he is infallible and never makes a mistake is to place his ability and learning above the usual and ordinary run of human experience. The judgment is affirmed with costs to the respondent.

GRACE, J. I concur in the result.