DAKOTA TRUST COMPANY, a Corporation, Respondent, v. COUNTY OF DIVIDE, a Public Corporation, Art Grunke, A. P. Black and C. E. Halter, Copartners Doing Business under the Firm Name and Style of C. E. Halter & Company, E. O. KVALE and C. A. Perry, Appellants.

(212 N. W. 820.)

**Assignments — holder of order not entitled to share in fund.**

The holder of an order drawn on a fund at one time belonging to the drawer,

Annotation.—Formal requisite and validity of assignment, see 2 R. C. L. 614 et seq.; 1 R. C. L. Supp. 589; 5 R. C. L. Supp. 104; 6 R. C. L. Supp. 105.

but which has been assigned by him to a third party, is not entitled to share in that fund, even though the custodian accepts the order, when the custodian has knowledge of the assignment of the fund at the time he receives the order.

Opinion filed March 15, 1927.

Assignments, 5 C. J. § 95 p. 935 n. 41; § 135 p. 953 n. 36.

Appeal from the District Court of Divide County, *Moellring*, J. Affirmed.

*E. J. McIlraith*, for appellants.

"The notice must be given by the assignee, or by his procurement, to the debtor or the latter's duly authorized agent."   4 Cyc. 34.

"It is not permissible for a party to lie by and await events, and have power at any time in the future to let the sale stand, or avoid it, according as it may be found then to his interests to do."   Hoyt v. Inst. for Savings, 110 Ill. 390.

"Estoppel by silence arises where a person, who by force of circumstances is under a duty to another to speak, refrains from doing so, and thereby leads the other to believe in the existence of a state of facts in reliance upon which he acts to his prejudice."   21 C. J. 1081; Baird v. Stephan (N. D.) 204 N. W. 194.

*H. A. Hanson, L. J. Palda, Jr.*, and *C. E. Brace*, for respondent.

"In the absence of a statutory provision prescribing the mode of assignment, no particular form or mode is necessary to effect a valid assignment of property, claims or debts so as to defeat garnishment proceedings by a creditor of the assignor."   Hull v. Kansas City Terra Cotta Co. 97 Kan. 103, L.R.A.1916D, 361, 154 Pac. 210.

Without express or implied authority, the fiscal agents of a county cannot issue commercial papers so as to charge the county, and where such authority is given to fiscal agents it must be pursued strictly. 15 C. J. 611.

BURR, J.   R. E. Knowlton & Son entered into a contract in May, 1922, with the state highway commission and the defendant for the construction of public highways in Divide county and the plaintiff furnished the surety bond required by law.   In July, 1922, R. E. Knowlton & Son assigned all of their rights to the moneys due or to

become due them to the First State Bank of Bowbells and in September, 1922, the said bank assigned this right to the American National Bank of St. Paul, Minnesota. The intervenor Kvale in this case furnished to the said R. E. Knowlton & Son work and labor on the said highway between the second day of May, 1922, and the ninth day of August, 1922, and on the ninth day of August, 1922, received from the said R. E. Knowlton & Son an order to the county auditor and the board of county commissioners of Divide county directing them to pay the intervenor the amount of said claim, out of any moneys due R. E. Knowlton & Son on the said contract. This order was presented to the county commissioners at their meeting on or about the third day of October, 1922, and at that time the county commissioners had before them notice of the aforesaid assignments. The county commissioners at this meeting and in the same proceedings accepted this order of the intervenor's and also accepted and approved the assignments but later attempted to withdraw approval of the assignments. R. E. Knowlton & Son defaulted in their contracts and the plaintiff, under the conditions of its surety bond completed the contracts and then secured an order from the American National Bank addressed to the state highway commission directing the commission "to pay to the Dakota Trust Company the balance due upon federal aid project No. 159 Divide county" contracts being the construction contracts in issue. This order is dated Nov. 24, 1923. The plaintiff presented this assignment to the county auditor and demanded the remainder of the money due R. E. Knowlton & Son under their contracts and on being refused brought an action against the county to recover the amount still remaining unpaid. The intervenor was permitted to file his complaint and the county by stipulation deposited with the clerk of the court the amount of money due on the contracts. Thus the issue is between the plaintiff and the intervenor, the sole question being whether the intervenor is entitled to share in this fund deposited. It is not a question of whether the intervenor may recover from R. E. Knowlton & Son, or recover from the county because of the acceptance of the order, or whether the plaintiff is bound to the intervenor because of the surety bond. The issue in this case, as presented to this court, is whether the intervenor's order was presented to the county commissioners before the county commissioners had notice of the assignment of the fund. The trial

court found from the evidence that the commissioners had full knowledge of the assignment at the time the order was presented to them. This finding is amply supported by the evidence, in fact the minutes of the county commissioners show that when this order together with the assignment was received by the board, they were marked in series numbers and acted on in that way. The board had the assignments on the table before them when the order was presented, hence they knew the fund had been assigned. It is clear therefore the intervenor cannot share in this fund. It is true the plaintiff herein did not have an order on this fund from the American National Bank the time intervenor's order was filed with the county commissioners, and that the county has not answered in the case, and the American National Bank is not a party. It may also be true that the order which the plaintiff afterwards received is not sufficient to assign to it the amount due from the county on these contracts and that the plaintiff would have no interest in that part of the contract money; but it is also true, intervenor's own case shows that this fund was not available for his order at the time he presented it to the commissioners. It belonged to the American National Bank. The foregoing applies to the complaint and claim of Intervenor C. A. Perry, and also to the complaint of the intervenor C. D. Halter & Co. With reference to the last mentioned intervenor there is this additional fact; the intervenor in his complaint shows he already had judgment against the county of Divide for the amount of his claim and such judgment was entered Dec. 1, 1922.

We are of the opinion that the intervenors have no claim to the fund and so the judgment of the lower court is affirmed.

BIRDZELL, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.