# WILLIAM DOLAN, Respondent, v. M. B. O'ROURKE, Appellant.

(217 N. W. 666.)

**Physicians and surgeons — dentists governed by same rules as to liability professionally.**

1. The rules governing the duty and liability of physicians and surgeons in the performance of professional service are applicable to dentists in the practice of their profession.

**Dentists — degree of care dentists must exercise.**

2. A dentist, like a physician or surgeon, is bound to bestow such reasonable care, skill, and diligence as physicians and surgeons in the same neighborhood in the same general line of practice, ordinarily exercise in like cases.

**Evidence — opinion evidence not admissible.**

3. In an action where negligence on the part of a dentist is charged, opinion evidence as to his carefulness is not admissible.

**Dentists — res ipsa loquitur not applicable in instant case.**

4. The doctrine of *res ipsa loquitur* is not applicable in this case.

Opinion filed February 4, 1928.

Evidence, 22 C. J. § 600 p. 510 n. 65. Physicians and Surgeons, 30 Cyc. p. 1572 n. 30; p. 1584 n. 48.

Appeal from the District Court of Burke County, *Moellring,* J. Affirmed.

*McGee & Goss* and *B. L. Wilson,* for appellant.

"Specific instances of conduct, especially where these have developed the regularity and force of a habit, may be independently relevant; as to establish consent, motive, belief or probable cause in an action for malicious prosecution; and such an act will not be excluded simply because it tends also to show character." 22 C. J. 484; People v. Kuches, 120 Cal. 566, 52 Pac. 1002; McHugh v. State (Tex.) 170 S. W. 280, Ann. Cas. 1918C, 674.

A conclusion of fact derived from observation and knowledge of the subject-matter on the part of a witness may not be construed as being

Note.—(1, 2) On degree of care and skill required of dentists, see 21 R. C. L. 386; 3 R. C. L. Supp. 1152; 6 R. C. L. Supp. 1264.

an opinion merely; nor is it a correct proposition of law that no one but an expert can give an opinion before a jury. Hanna v. Barker, 6 Colo. 303.

In an action against a physician to recover damages for negligent or unskilful treatment of a patient, the result alone is not evidence of negligence; but an expert witness may give an opinion, based on the result, that the treatment must have been improper, and such opinion is evidence on which the court or jury may find negligence. Sawyer v. Berthold, 116 Minn. 441, 134 N. W. 120.

Possession of the skill necessary to do a certain act may be an attendant circumstance of probative value in identifying the doer of the act. Existence of such skill may be shown by prior acts indicative of its possession. 22 C. J. 764.

In determining what constitutes reasonable and ordinary care, skill, and diligence the test is that which physicians and surgeons in the same general neighborhood ordinarily have and exercise in such cases and an instruction which does not so limit the degree of skill and care is erroneous. 21 R. C. L. 385.

The rule governing the duty and liability of physicians and surgeons is applicable to dentists. Black v. Bearden, 167 Ark. 455, 268 S. W. 27; note in Ann. Cas. 1914A, 273.

*E. R. Sinkler, G. O. Brekke,* and *H. A. Hanson,* for respondent.

"The doctrine is that when a thing, which causes injury without fault of the person injured, is shown to be under the exclusive control of defendant and would not cause the damage in ordinary course if the party in control used proper care, it affords reasonable evidence in the absence of an explanation, that the injury arose from the defendant's lack of care." San Juan Light & Transit Co. v. Requena, 224 U. S. 89.

"The great weight of authority holds that a verdict rendered by a jury any of whose members have been treated by one having an interest in the case, must be set aside, and in nearly all cases the rule is applied without regard to its actual influence on the verdict." McGilvery v. Lawrence, 35 S. D. 443, 152 N. W. 692; Godfrey v. Dalquist, 27 S. D. 373, 131 N. W. 299.

Reference to writers and books on medicine and science are inadmissible on a murder trial, being mere hearsay. People v. Millard, 18 N. W. 562.

"When the precise act or omission of a defendant is proved, the question whether it is actionable negligence is to be decided by the character of the act or omission, and not by the character for care and caution that the defendant may sustain." Tenny v. Tuttle, 1 Allen, 105; Leighton v. Sargent, 64 Am. Dec. 323; Holtzman v. Hoy, 59 Am. Rep. 390.

In using a dangerous instrumentality it is necessary that extraordinary care be used. 10 L.R.A.(N.S.) 921.

BURKE, J. The plaintiff brings this action to recover damages against the defendant for alleged negligence in the administering of an anesthetic, claimed to be the proximate cause of the death of plaintiff's wife.

The defendant is a dentist, and practiced his profession at Bowbells, North Dakota, for seven and one half years prior to March 13, 1926, on which date, the plaintiff, William Dolan, and his wife came to the defendant's office for the purpose of having two of Mrs. Dolan's teeth extracted. The teeth were badly abscessed. The patient had suffered much pain and had been unable to eat or sleep for a couple of days. The defendant states, that on account of the badly infected condition of Mrs. Dolan's teeth he told her that a general anesthetic would be better than a local one. He further states, that the patient then told him that she had taken chloroform several times, the last time about six months previous. The chloroform was administered, the teeth extracted, and it was then noticed that the anesthetic had had a bad effect on the patient. Dr. Hilts was immediately called, and everything that could be done was done but the patient never came out from under the influence of the anesthetic.

The case was tried, and the jury returned a verdict for the defendant. The plaintiff then moved for a new trial, which was granted and from the order granting a new trial the defendant appeals, specifying that the court erred in granting plaintiff's motion for a new trial on the ground set forth in plaintiff's specification of error number 10.

"The court erred in overruling plaintiff's objection to the following question: Q. What would you say now as to his ability to give anesthetics? Is he careful in that or not in your opinion?" on the grounds as being immaterial and calling for a conclusion of the witness,

establishing a criterion from the opinion of another surgeon, and incompetent and immaterial."

The trial court granted the motion for a new trial on the theory that the evidence introduced under objection and in answer to the question in No. 10, viz.: "What would you say now as to his ability to give anesthetics? Is he careful in that or not in your opinion?" was error.

It is the contention of the appellant that the evidence was admissible and as showing a foundation for the introduction of such testimony appellant quotes from the testimony as follows:

"Q. Now, by the way, before I overlook it, are you a surgeon? Do you operate?"

"A. Yes, sir.

"Q. And have you operated on a good many people during the time you have been here?

"A. Yes, sir, I have.

"Q. Who has administered anesthetics for you in all major operations?

"A. Dr. O'Rourke.

"Q. This defendant?

"A. Yes, sir.

"Q. How many administrations of anesthetics would you say, doctor, of course you can't tell exactly, but approximately how many administrations of anesthetics for you has Dr. O'Rourke, this defendant, made during the time you have been practicing here?

"Mr. Sinkler: That is objected to as being immaterial, incompetent, and not tending to prove any of the issues in this case.

"The court: Overruled. You may answer.

"A. Well he has given over a thousand, I know that, but to give the exact number I couldn't do it.

"Q. And given anesthetics for you as a surgeon in many difficult cases?

"A. Yes, sir.

"Q. What would you say now as to his ability to give anesthetics? Is he careful in that or not in your opinion?

"Mr. Sinkler: That is objected to as being immaterial and calling

for a conclusion of the witness, establishing a criterion from the opinion of another surgeon, and incompetent and immaterial.

"The court: Overruled. He may answer.

"A. Yes, sir.

It is well settled that, "the rules governing the duty and liability of physicians and surgeons in the performance of professional services are applicable to practitioners of the kindred branches of the healing art, such as dentists, oculists, and manipulators of X-ray machines." 21 R. C. L. 386, § 31. It is also well settled, that "a physician is bound to bestow such reasonable care, skill, and diligence as physicians and surgeons in the same neighborhood, in the same general line of practice, ordinarily exercise in like cases." Hanson v. Thelan, 42 N. D. 617, 173 N. W. 457; Whitson v. Hillis, 55 N. D. 797, 215 N. W. 480; Loudon v. Scott, 58 Mont. 645, 194 Pac. 488, 12 A.L.R. 1487, and notes on pages 1493–1495; 21 R. C. L. 385, § 30.

Respondent insists, that it is not claimed by the plaintiff that the defendant was unskilful, and that the only question upon which he seeks to recover damages, is, that defendant was negligent, and did not exercise any care in the administration of the anesthetic. The question of care being in issue it was one for the jury to say upon the whole evidence, whether in the administration of the anesthetic the defendant exercised the ordinary degree of care, exercised by other physicians, in administering anesthetics in the same locality. The question, "What would you say now as to his ability to give anesthetics?" "Is he careful in that or not in your opinion?" is a double question and the jury would understand from the answer, "Yes, sir," that the doctor was qualified to give anesthetics and that he was careful in doing so.

In Jones on Evidence, Vol. 2, p. 1279, § 687, the rule is stated as follows:

"And when the question relates to the degree of care used at the time of a given accident, the evidence must be confined to that issue and it is irrelevant to show that the party is ordinarily careful. Glass v. Memphis & C. R. Co. 94 Ala. 581, 10 So. 215; Price v. Charles Warner Co. 1 Penn. (Del.) 462, 42 Atl. 699; Central R. & Bkg. Co. v. Kent, 87 Ga. 402, 13 S. E. 502; Illinois C. R. Co. v. Borders, 61 Ill. App. 55; Stafford v. Oskaloosa, 64 Iowa, 251, 20 N. W. 174; Atchison, T.

& S. F. R. Co. v. Gants, 38 Kan. 608, 5 Am. St. Rep. 780, 17 Pac. 54; Junction City v. Blades, 1 Kan. App. 85, 41 Pac. 677; Chesapeake & O. R. Co. v. Riddle, 24 Ky. L. Rep. 1687, 72 S. W. 22; Lawrence v. Mt. Vernon, 35 Me. 100; Carr v. West End Street R. Co. 163 Mass. 360, 40 N. E. 185; McDonald v. Savoy, 110 Mass. 49; Bourassa v. Grand Trunk R. Co. 75 N. H. 359, 74 Atl. 590; McCarragher v. Rogers, 120 N. Y. 526, 24 N. E. 812; Wooster v. Broadway Seventh Ave. R. Co. 72 Hun, 197, 25 N. Y. Supp. 378; Gulf, C. & S. F. R. Co. v. Hamilton, 17 Tex. Civ. App. 76, 42 S. W. 358."

3 Jones Ev. p. 1243, § 1243:

"No better or more constant application of the general rule excluding opinions can be found than in negligence cases. It has been repeatedly held that, where the ultimate fact for the jury is whether the conduct of a certain person was careless, reckless, or negligent, it is not competent for a witness to express an opinion, conclusions, or judgment thereon.

It is the province of the jury to determine the ultimate fact whether conduct was careless, reckless, or negligent, and this right may not be encroached upon by witnesses. It is the function of the witness to state evidentiary facts and the function of the jury to draw such conclusions as the facts warrant."

In Green v. Shaw, 136 S. C. 56, 48 A.L.R. 243, 134 S. E. 226, this question was asked "What is your observation of Dr. Shaw as to his efficiency and carefulness in general?" The information called for is more general than the question calls for in the case at bar, but the court said, "The suit was based upon certain specific acts of the defendant. A physician might be ever so skilful or competent in a general way, might have an unexcelled reputation, and yet be guilty of the grossest negligence in his treatment of a particular case." The court held that the evidence called for by the question, was not admissible.

In the case of Engstrom v. Weis Dental Co. 97 Or. 634, 193 Pac. 187, it is held, "In an action where negligence on the part of a dentist is charged, evidence as to his reputation for carefulness is inadmissible." See also People v. Crossan, — Cal. App. —, 261 Pac. 531. We are of the opinion that the admission of the testimony was error.

Respondent in his motion for a new trial specified as error, the cross-examination of Dr. Dreisbach, a witness for the plaintiff, in reference to Webster's book on "The Science and Art of Anesthesia." The doctor

qualifying did not mention said book, and on cross-examination, he was asked, if he was familiar with it; he answered, "Not very." "I have not read text-books very much in the last ten years." Counsel then proceeded to read portions of the book and asked witness, if he agreed with it. The law is well settled in this state, that text-books cannot be read in the presence of the jury, and cannot be used in the cross-examination of expert witnesses, except, when the witness has testified that he bases his opinion on the knowledge acquired from reading such text-books.

In the case of State v. Brunette, 28 N. D. 539, 150 N. W. 271, Ann. Cas. 1916E, 340, this court said:

"Although there is some conflict in the authorities and much obscurity of thought therein to be found, the distinction seems to be very clear. It is that, where the expert has testified from his own experience and from his personal experience alone, and has not based his opinions upon any specific authorities, or upon the authorities generally, the scientific treatise may not be read, either directly or indirectly, to the jury, so that in any way their authority may be obtruded upon them. Hypothetical questions may, of course, in all instances, be framed from the books, but the books themselves should not be paraded before the jury."

See also State v. Moeller, 20 N. D. 114, 126 N. W. 572.

Medical text-books cannot be used in opposition to expert medical testimony given upon the stand, for the very good reason, that the author is not under oath, and is not subject to the test of a cross-examination.

The plaintiff, also, claimed in his motion for a new trial, and argued in this court, that the doctrine of res ipsa loquitur applies to this case.

In the recent case of Gallagher v. Kermott, 55 N. D. 161, 216 N. W. 569, this court said: "The doctrine of res ipsa loquitur has no application in a malpractice case, and an unfortunate or bad result does not show proof of neglect."

In the case of Loudon v. Scott, 58 Mont. 645, 194 Pac. 488, 12 A.L.R. 1487 and notes on pages 1493–1495, supra, the court held, that negligence on the part of a surgeon cannot be inferred from the fact alone that the patient died under the anesthetic and that the maxim res ipsa loquitur has no application to death of a patient under an anesthetic.

In the case of Runyan v. Goodrum, 147 Ark. 481, 13 A.L.R. 1403, 228 S. W. 397, 20 N. C. C. A. 373, the court said: "The doctrine of *res ipsa loquitur* does not apply in an action for damages for an injury by burning with an X-ray machine."

In the case of Sweeney v. Erving, 35 App. D. C. 57, 43 L.R.A. (N.S.) 734, an action for damages for injury from burning by an X-ray machine, the court said:

"Generally speaking, no inference of negligence can be drawn from the result of the treatment of a physician or surgeon. In the absence of special contract they are not insurers, and there must be evidence of negligence by witnesses qualified to testify. Wood v. Barker, 49 Mich. 295, 13 N. W. 597; Piles v. Hughes, 10 Iowa, 579. 'If the maxim, res ipsa loquitur, were applicable to a case like this, and a failure to cure were held to be evidence, however slight, of negligence on the part of the physician or surgeon causing the bad result, few would be courageous enough to practice the healing art, for they would have to assume financial liability for nearly all the ills that flesh is heir to.' Ewing v. Goode (C. C.) 78 Fed. 442."

The order granting a new trial is affirmed, and the case is remanded for a new trial.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.