EMMA C. WOOSTER, Respondent, v. THE BROADWAY AND SEVENTH AVENUE RAILROAD COMPANY, Appellant.

*Master and servant — inadmissible evidence as to carefulness — objections to evidence.*

It is not competent for a plaintiff, seeking to show that the acts of her servant did not contribute to an accident, to give evidence to the effect that he was generally careful.

The particularity required in the specification of objections to evidence, considered.

APPEAL by the defendant, the Broadway and Seventh Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 15th day of November, 1892, upon the verdict of a jury rendered at the New York Circuit, and also from an order made at the New York Circuit, and entered in said clerk's office on the 22d day of November, 1892, denying the defendant's motion to set aside the verdict and for a new trial.

This action is for the recovery of damages for personal injuries received in a collision between a coupé, in which the defendant was driving, and defendant's street car, caused, as it is alleged, by the negligence of the driver of the car. The plaintiff also seeks to recover special damages, the sum paid for the attendance of her physicians and nurse and the expenses of repairing the coupé.

November 21, 1887, the plaintiff was driving east on Forty-fifth street in a coupé drawn by one horse, and driven by a coachman, who attempted to cross defendant's track in Broadway in front of a car approaching from the south. A collision occurred by which the plaintiff's left collar bone was broken and the coupé injured. The issues of fact upon which the case turned were : (1) Did the driver of the car negligently cause the collision? (2) did the driver of the coupé negligently contribute to the accident? Upon these issues the testimony was conflicting, but the jury found both in favor of the plaintiff.

*Bronson Winthrop*, for the appellant

*W. T. B. Milliken*, for the respondent.

Follett, J. :

On the trial the plaintiff was asked : " Q. The coachman who was driving at the time, how long had he been in your employment ? A. Oh, he had been with me four or five years then ; he is with us still. Q. And did you find him careful or careless?" Objected to by the defendant as immaterial, incompetent and irrelevant. Objection overruled. Defendant excepted. "A. Oh, very careful ; a very careful driver, indeed. It was a gentle horse." Like evidence was given by the plaintiff's husband over the defendant's objection and exception. This evidence was undoubtedly supposed to bear on the issue of contributory negligence of the plaintiff's driver. It certainly had no relation to any other issue. The issue was not whether the plaintiff had negligently employed or continued in her service a careless or unskillful driver, nor whether he had been careful or negligent on previous occasions, but it was, " did his negligence contribute to this accident ? "

This evidence was not relevant to this or to any other issue in the case, and was incompetent. (*Jacobs* v. *Duke*, 1 E. D. Smith, 271 ; *Warner* v. *N. Y. Central R. R. Co.*, 44 N. Y. 465, 477 ; *Maguire* v. *Middlesex R. R. Co.*, 115 Mass. 239 ; *Whitney* v. *Gross*, 140 id. 232 ; *Hays* v. *Millar*, 77 Penn. St. 238 ; Whart. Neg. 169 ; Whart. Ev. § 40 ; Abb. Tr. Ev. 584.)

It has been many times held that it is not competent for a plaintiff to give evidence that the person by whom the alleged negligent act was committed had previously committed similar acts, or that he was generally negligent or unskillful. The same rule is applicable to a plaintiff seeking to show that the acts of her servant did not contribute to the accident.

The plaintiff was permitted to show on the trial, over defendant's objection, that it was " incompetent, irrelevant and immaterial," the expenses of her cure and of repairing the coupé. It appears that she is a married woman living with her husband, and the presumption is that he is liable for and discharges the ordinary expenses of the household, and of the care of his wife and family. Before the plaintiff could be entitled to recover for these items it was necessary for her to show that the expenses were paid out of her own estate. This was not done. But the objection raised to this evidence was not as specific as it should have been. The objection did not call

specifically to the mind of the court and of the plaintiff's counsel that the evidence was objected to on the ground that the plaintiff was not, but that her husband was, entitled to recover for these items, without showing that she had personally paid the charges or had become liable to pay them. Had this objection been made it might have been obviated on the trial by showing that the plaintiff had a personal estate, and had paid the charges out of it, or that she has become liable to pay them. (Thomp. Trials, §§ 693 *et seq.*) But we think for the first error discussed that a new trial should be had. The question of negligence and of contributory negligence is a close one, and we cannot say that the erroneous evidence did not influence the jury.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.