[No. 2933.  Decided July 7, 1898.]

JOHN C. CARTER, *Respondent,* v. CITY OF SEATTLE,
*Appellant.*

ACTION FOR PERSONAL INJURIES — PLEADING AND PROOF — CONTRIBU-
TORY NEGLIGENCE — EVIDENCE.

In an action to recover for personal injuries alleged to have
been caused by defendant's negligence, where evidence of plain-
tiff's intoxication at the time of the injury has been admitted, the
plaintiff, cannot, in order to rebut such evidence, prove his gen-
eral reputation for sobriety.

In a negligence case, in which defendant pleads a general de-
nial, and also plaintiff's contributory negligence, and there is no
motion to make the answer more specific, evidence of plaintiff's
intoxication, as the cause of the injury received by him, is ad-
missible.

Appeal from Superior Court, King County.—Hon. E.
D. BENSON, Judge.  Reversed.

*John K. Brown,* for appellant.

*John E. Humphries, W. E. Humphrey,* and *E. P. Ed-
sen,* for respondent.

*Per Curiam.*—Plaintiff sued to recover damages for in-
juries sustained by falling from a sidewalk into a hole in
an alley at a point where said alley joined the street.  From
the judgment in his favor based upon the verdict of the
jury, the city has appealed.  At the trial of the cause, evi-
dence was given which tended to show that the plaintiff
was intoxicated at the time of receiving the injury.  In re-
buttal, plaintiff testified that he had not been drinking
on the evening of the accident, and also introduced three
witnesses, who were permitted over the objection of the
appellant, to testify to his " general reputation and char-
acter for sobriety."  The admission of this latter testimony

constitutes the principal ground urged for a reversal. We think the court erred in permitting evidence to be given as to plaintiff's general reputation for sobriety. The effect of such evidence was to raise a collateral question, to draw the attention of the jury from the issue they were called upon to try, and to engross their minds with a question wholly immaterial. *Williams v. Edmunds*, 75 Mich. 92 (42 N. W. 534); *Carr v. West End St. Ry. Co.*, 163 Mass. 360 (40 N. E. 185), and cases there cited. The case of *Gulf, C. & S. F. Ry. Co. v. Gross*, 21 S. W. 186 is cited and strongly relied on by the respondent; but, as we understand that case, it does not support his position. In that case the defendant claimed that the injury resulted from plaintiff's being so drunk as to stagger off the depot platform. To offset the evidence in support of such claim, plaintiff was permitted to call witnesses acquainted with his habits and conduct, to testify what effect, if any, imbibing intoxicating drinks had on him. It seems to have been conceded that the plaintiff in that case was in liquor, and the question to which the evidence was directed was *what effect* imbibing liquor had upon him. The general and well settled rule in negligence cases is that it is not proper for a plaintiff, in order to rebut evidence of particular acts of negligence, to show that he is generally careful, cautious and prudent; nor can it be shown that a party is habitually careless to support a claim of negligence upon a particular occasion. The principle underlying these cases and the case at bar is that such evidence raises a collateral issue not affecting the question to be determined. *Fahey v. Crotty*, 63 Mich. 383 (29 N. W. 876); 6 Am. St. Rep. 305); *City of Junction City v. Blades*, 1 Kan. App. 85 (41 Pac. 677); *Adams v. Chicago, M. & St. P. Ry. Co.*, 93 Iowa, 565 (61 N. W. 1059); *Illinois Central R. R. Co. v. Borders*, 61 Ill. App. 55; *Wooster v. Broad-*

*way & S. A. R. R. Co.,* 72 Hun, 197 (25 N. Y. Supp. 378).

Respondent claims that there was no issue as to intoxication, and urges that all testimony as to intoxication was immaterial. We think this position is not well taken. In addition to a general denial, the answer alleged contributory negligence. There was no motion to make the answer more specific, and the evidence as to intoxication was received at the trial without any objection. For either of these reasons, the objection now urged by respondent comes too late.

For the error above noticed the judgment must be reversed, and the cause remanded for a new trial.