[No. 12430.   Department Two.   April 22, 1915.]

MARY KANGLEY, *Respondent*, v. NANNIE ROGERS, *Executrix et al., Appellants.*[1]

ACKNOWLEDGMENT—FALSE CERTIFICATE—LIABILITY ON BOND. Where a notary public certifies that the wife of a mortgagor personally appeared before him, and acknowledged the execution of the mortgage, when in fact no one was present or assumed to make such an acknowledgment, the notary is liable on his official bond as for a false certification.

HUSBAND AND WIFE—COMMUNITY PROPERTY—LIABILITY. The performance of the duties of notary public by the husband, being a community business engaged in for the benefit of both spouses, the community is liable on a judgment for his negligence in failing to faithfully discharge his duties as notary public.

EVIDENCE — CHARACTER — CAREFULNESS IN DISCHARGING DUTIES. In an action against a notary public and his bondsman for a specific act of negligent discharge of duties in taking an acknowledgment, evidence that he was ordinarily careful in taking acknowledgments, was inadmissible.

Appeal from a judgment of the superior court for King county, French, J., entered May 1, 1914, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Affirmed.

*Herr, Bayley & Wilson*, for appellants.

*Wright, Kelleher & Caldwell*, for respondent.

MORRIS, C. J.—Action to recover damages claimed to have been sustained because of the failure of a notary public to faithfully discharge the duties of his office and exercise due diligence in certifying that one Alice A. Gunby, known to him to be the wife of Joseph C. Gunby, personally appeared before him and acknowledged the execution of a real estate mortgage in which the respondent was named as mortgagee. Subsequent to the commencement of the action, the notary

[1]Reported in 147 Pac. 898.

died, and the action proceeded against his executrix and the
surety on his official bond.   That Alice A. Gunby did not
execute, nor appear before the notary and acknowledge the
execution of this mortgage, and that her signature is a for-
gery, is admitted.

Much is said in the briefs as to the degree of care to be
exercised by a notary public in taking and certifying
acknowledgments when he does not personally know the
party appearing before him, and what, under such circum-
stances, would be such negligence as to subject the notary
and his sureties to liability; but, after reading this record,
we do not regard it as necessary to answer these questions,
as we are satisfied that no one appeared before the notary as-
suming to be Alice A. Gunby.   The lower court so expressed
an opinion at the conclusion of the trial, but in the findings
contented itself with a finding that the notary failed and
neglected to faithfully discharge the duties of his office, and
failed and neglected to exercise due diligence.   It is admitted
by all the authorities, and must necessarily be so, that certify-
ing to a wife of any person, as present, who was not, is such
negligence as to render the notary liable on his official bond
as for a false certification.   *State ex rel. Savings Trust Co.
v. Hallen,* 165 Mo. App. 422, 146 S. W. 1171.

The next contention is that, under the rule announced in
*Day v. Henry,* 81 Wash. 61, 142 Pac. 439, the judgment
cannot be sustained as a community judgment.   It was held
in the cited case that a judgment rendered against a sheriff,
who was at the time a married man, for a wrongful levy made
by him as sheriff, was not a judgment that could be enforced
out of community property.   We attempted in that case to
distinguish as between the wrongful act of a member of a
community and the wrongful act of a community, finding the
line of demarcation in the doing of the act, saying:

"If the community as such does a wrong, it must respond,
just as under the same circumstances a corporation, a part-
nership, or any other legal entity composed of more than

one person, must respond.   If, on the other hand, an individual member of any of these legal entities commits a wrong, there is no liability attached to the entity simply because of his relation to it.   The liability, if at all, must be based upon the act, and flows against the one who does the act, and that one only.   .   .   ."

We are satisfied with the reasoning of that case.   It is, we think, apparent that such reasoning has no application here. A community may engage in the business or calling of a notary public just as it may engage in the practice of law or any other business or profession conducted by the husband alone, and when so engaged, it is not a parallel case to a married man elected to fill the office of sheriff, where the duties and responsibilities are fixed by law and can be fulfilled only by those elected to fill them.   A community may engage in the business of a notary public if it chooses, and can obtain authority for one of its members to so act, just as it may engage in the practice of law or medicine, providing it obtains authority for one of its members to so act; but a community cannot be elected to an office and discharge the duties of that office.

Error is also predicated upon the rejection of testimony to the effect that the notary was ordinarily careful in taking acknowledgments.   This was not error.   The act complained of was a specified act in which no question of probability entered, as in cases where evidence of the character of that rejected is admissible.   The overwhelming weight of authority excludes evidence of character offered for the purpose of raising an inference of conduct in actions charging negligent acts.   *Carter v. Seattle*, 19 Wash. 597, 59 Pac. 500; 4 Chamberlayne, Modern Law of Evidence, § 3283.   There was no error in the denial of a new trial.

The judgment is affirmed.

Fullerton, Crow, Ellis, and Main, JJ., concur.