[No. 15490. Department Two. December 16, 1919.]

J. E. CHILBERG, *Appellant,* v. W. H. PARSONS, *Respondent.*[1]

APPEAL (151½)—EXCEPTIONS—TIME AND MANNER OF TAKING. Under Rem. Code, § 339, providing that exceptions to instructions may be taken any time before the hearing of the motion for a new trial, oral exceptions taken immediately on the jury's retiring and embodied in the record by the stenographer will be considered on appeal.

MUNICIPAL CORPORATIONS (379, 392)—USE OF STREETS—NEGLIGENCE—CROSSINGS—VIOLATION OF ORDINANCE—INSTRUCTIONS. It is error to refuse a requested instruction to the effect that a violation of an ordinance giving the right of way at intersections to the automobile on the right would be negligence as a matter of law; nor is the error cured by a negative instruction on the subject stating that such right of way was not absolute and tending to lead the jury to disregard its terms.

SAME (388) — NEGLIGENT DRIVING — EVIDENCE — ADMISSIBILITY. Upon an issue as to the negligence of the driver of an automobile

[1]Reported in 186 Pac. 272.

upon the occasion of its collision with another, it is not competent to show that he was habitually careless or accustomed to drive at excessive speed.

Appeal from a judgment of the superior court for King county, Allen, J., entered February 26, 1919, upon the verdict of a jury, rendered in favor of the defendant, in an action for damages sustained through an automobile collision. Reversed.

*Ballinger, Battle, Hulbert & Shorts,* for appellant.

*Kerr & McCord* and *Stephen V. Carey,* for respondent.

TOLMAN, J.—This is an appeal from a judgment in favor of respondent, defendant below, based upon a collision between a Pierce-Arrow automobile driven by appellant's son, and a Locomobile driven by respondent's chauffeur. The collision occurred at the intersection of Thirtieth avenue and East Alder street, in the city of Seattle, each of which streets is sixty feet wide between property lines, and has a twenty-four foot paved roadway between the curb lines. At the time in question, appellant's car was being driven in a westerly direction along East Alder street, and respondent's car was being driven northerly along Thirtieth avenue. The cars collided near the northwest corner of the intersection of the two streets, and both cars were severely damaged.

Appellant alleged in his complaint that respondent's driver was negligent in the following particulars:

(a) Traveling at an excessive rate of speed.

(b) Failing to concede the right of way at the intersection to appellant's car.

(c) Driving near the middle of the street instead of near the right-hand curb, and

(d) Failing to keep a proper lookout.

Respondent denied all negligence and affirmatively pleaded contributory negligence, and counterclaimed for damages to his own car, alleging negligence on the part of appellant in the following particulars:

(a) Failure to use reasonable care after the possibility of collision became apparent.

(b) Running at an excessive rate of speed.

(c) Driving near the middle of the street instead of near the right-hand curb, and

(d) Negligence on the part of appellant in permitting his car to be driven by his son, who was charged to be an incompetent driver and habitually negligent in his operation of such vehicles.

Appellant introduced evidence tending to support his allegations. Respondent's motion for nonsuit at the close of appellant's case was denied. Respondent introduced evidence to support the issues tendered by him. The jury by its verdict denied damages to either party.

Appellant assigns as error herein the giving and refusing to give certain instructions to the jury, and the admission of certain testimony offered for the purpose of proving that appellant's son was a negligent and incompetent driver. Respondent contends that the errors, if any, in the giving and refusing of instructions have been waived by want of proper exceptions. The record shows that, immediately upon the retiring of the jury, counsel for appellant attempted to take exceptions orally to the refusal of the court to give the requested instruction upon which he chiefly relies, and particularly called the court's attention at that time to such requested instruction. Thereafter, and before the argument on the motion for a new trial, proper and complete written exceptions were filed with the clerk, but there is nothing in the record to show that such written exceptions were

called to the attention of the trial court before the disposal of the motion for a new trial. In *Coffey v. Seattle Elec. Co.*, 59 Wash. 686, 109 Pac. 202, speaking upon this subject, it was said:

"Laws 1909, page 184, ch. 86, Rem. & Bal. Code, § 339, amended Bal. Code, § 4993, by providing that the charge of the court should be in writing and given to the jury prior to the argument of counsel; the jury then being permitted to take the written instructions with them into the jury room. The last sentence of this 1909 act reads as follows:

" 'Either party, at any time before the hearing of a motion for a new trial, may except to the instructions given by the court, or any part thereof.'

"This act, neither by its express terms nor by its language, attempts to change the method of taking such exceptions, its only reference to exceptions being as to the time in which they may be taken; whereas, under the old procedure they should be taken before the return of the verdict, it is now proper to take them at any time before the hearing of a motion for a new trial, giving the trial judge the opportunity to correct any error it may have made in its instructions in its ruling upon the motion for a new trial, and thus, as under the old procedure, save the necessity for review by appeal. The manner of taking exceptions in this particular being in no wise referred to in the amendment of 1909, we must look to the old procedure for the correct method. They must still be taken by stating the same to the trial judge, and by him noted in the minutes of the court or embodied in the record of the cause by the stenographer taking such record."

This case has been followed and approved in a long line of decisions of this court, not necessary to be here cited. Since the statute, Rem. Code, § 339, does not require the exceptions to be in writing, and since the exceptions may be taken "at any time before the hearing of a motion for a new trial," and since the oral exception here taken was "embodied in the record

of the case by the stenographer taking such record,'' we conclude that we may properly consider appellant's exception, so far as so embodied. The instruction which was requested by appellant, refused by the trial court, and to which refusal appellant so excepted and directed the attention of the court, was to the effect that § 49 of ordinance No. 37,434 of the city of Seattle, which was in effect at the time of the accident, provides:

"Drivers shall look out for and give the right of way to vehicles simultaneously approaching the street intersection from their right''

and as the direction in which each party's automobile was proceeding was an undisputed fact in the case, it was the duty of respondent's driver to look out for and give the right of way to appellant's car, if they were simultaneously approaching the intersection where the accident occurred, because appellant's car was on the right of respondent's car, and to violate the provisions of the ordinance was of itself negligence, and if the jury believe from the preponderance of the evidence that respondent's driver did so violate the ordinance, and such violation was the proximate cause of the injury to appellant's car, then their verdict must be for the appellant. We do not find any instruction given which in substance covers the matter here involved, or which directly advised the jury as to the right of way fixed by ordinance. The nearest approach to such an instruction is the following, which was given:

"Notwithstanding the fact that cars approaching from the right under the traffic ordinance have the right of way at the intersection, as against another car simultaneously approaching from the left, that right of way is not absolute and does not absolve the driver of the car on the right from the obligation to

use reasonable care and caution to avoid a collision at the intersection. If the driver of the car on the right fails to use reasonable care and caution, as a result of which omission a collision occurs, there can be no recovery as against the owner of the other car.''

This instruction does not directly and positively call attention to the traffic ordinance, but so far treats that ordinance negatively as might tend to lead the jurors, with nothing else before them, to disregard its terms; but if the requested instruction had first been given, the quoted instruction could have been given immediately following, and so given, it would have explained the meaning of the term "right of way," so that the jury could have correctly applied the ordinance to the facts in the case; especially so in the light of the further instruction which was given, to the effect that the jury should not single out any one instruction, but should apply them as a whole. We are clear that the requested instruction referred to should, in substance, have been given.

The assignment of error predicated upon the admission of testimony is directed at the testimony of a motorcycle policeman of the city of Seattle, produced on behalf of the respondent, who was asked:

"Have you had occasion to observe the rate of speed at which Mr. Chilberg (the son) has been accustomed to drive his car?"

To which the appellant's counsel entered the objection:

"I object to all this line of testimony for the reason that it is wholly irrelevant, incompetent and immaterial, unless it is confined to the occasion in question;"

The Court:

"They allege that as a defense. One of their paragraphs of the answer is an allegation of the incom-

petence of the driver because of the fact that he is alleged to be a dangerous driver . . . While it is true that the man who is ordinarily a careless driver might on this particular occasion have been driving in a lawful manner, and it is true that a man who is ordinarily a very careful driver might have driven in an unlawful manner, still I think the matter can go to the jury, along with all the other evidence in the case, as to whether or not, under the particular circumstances, he was driving this car in a proper manner. Overruled.''

and following such ruling, the witness was permitted to testify at length along the line indicated. In *Carter v. Seattle,* 19 Wash. 597, 53 Pac. 1102, this court said:

''The general and well settled rule in negligence cases is that it is not proper for a plaintiff, in order to rebut evidence of particular acts of negligence, to show that he is generally careful, cautious and prudent; nor can it be shown that a party is habitually careless to support a claim of negligence upon a particular occasion. The principle underlying these cases and the case at bar is that such evidence raises a collateral issue not affecting the question to be determined. *Fahey v. Crotty,* 63 Mich. 383 (29 N. Y. 876, 6 Am. St. Rep. 305); *City of Junction City v. Blades,* 1 Kan. App. 85 (41 Pac. 677); *Adams v. Chicago, M. & St. P. Ry. Co.,* 93 Iowa 565 (61 N. W. 1059); *Illinois Central R. R. Co. v. Borders,* 61 Ill. App. 55; *Wooster v. Broadway & S. A. R. R. Co.,* 72 Hun 197 (25 N. Y. Supp. 378).''

The same rule is also approved in *Kangley v. Rogers,* 85 Wash. 250, 147 Pac. 898; and being satisfied that this is a salutary rule tending to promote justice, and that any departure therefrom would invite the trial of cases on collateral issues, we now adhere to our previous ruling.

The respondent contends that, in any event, appellant made out no case sufficient to go to the jury, and his motion for nonsuit should have been granted. We

have followed his argument in this respect, examined
the evidence with some degree of care in the light of
that argument, and after so doing, we cannot hold that
there were no facts, or reasonable inferences to be
drawn therefrom, upon which the minds of reasonable
men might not differ, and, as we read the evidence, the
case does not fall within the rule laid down in *Herrett
v. Puget Sound Tr., L. & P. Co.*, 103 Wash. 101, 173
Pac. 1024.

Because of the errors pointed out, the judgment is
reversed, and the cause is remanded for a new trial.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MOUNT,
JJ., concur.