[No. 17032. Department One. January 19, 1923.]

GEORGE SAEVOFF, Respondent, v. C. H. STEFFEN et al., Appellants.[1]

NOTARIES—LIABILITY ON BOND—CERTIFYING TO FALSE AFFIDAVIT. A notary public is not liable on his official bond for signing the jurat to a false affidavit, although he knows the affidavit to be false.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered September 20, 1921, upon findings in favor of the plaintiff, in an action on a surety bond, tried to the court. Reversed.

Andrew J. Balliett, for appellants.
Jas. A. Dougan, for respondent.

FULLERTON, J.—On January 8, 1920, the respondent obtained a judgment in the superior court of King

[1]Reported in 212 Pac. 158.

county against one Nick Agkaloff, doing business as the "Alps Cafe." On the day the judgment was entered, respondent caused a writ of garnishment to be entered against one Mrs. J. B. Motcher, who had purchased the business and who owed Agkaloff and U. Likoff a balance on the purchase price more than sufficient to cover the judgment. She answered, setting up such indebtedness, and later respondent took judgment against her. Mrs. Motcher operated the cafe until March 12, and then, failing to pay the balance due, turned the property back to Agkaloff and Likoff. In the meantime, on January 10, Agkaloff petitioned the court to set aside and vacate the default judgment. This motion was heard on March 30 and 31, and denied. Appellant, C. H. Steffen, appeared as attorney for Agkaloff in his attack on the judgment, and also for Mrs. Motcher, the garnishee defendant. Immediately after the denial of the motion to set aside the original judgment, respondent caused the issuance of writs of execution against Agkaloff, doing business as the "Alps Cafe," and Mrs. Motcher.

When the sheriff proceeded to the cafe on April 2d, he found it in the possession of three Japanese, and investigation disclosed that these men had purchased the business on March 27, 1920, from Agkaloff and Likoff, who had given a bill of sale and who had executed the following affidavit under the sales in bulk act:

"State of Washington,
"County of King, ss.

"Nick Agkaloff and U. Leekoff, being first duly sworn, upon oath deposes and says, that they are the owners of that certain restaurant known as Alps Cafe, located at 619 King Street, Seattle, Washington, that there are no unpaid creditors, who have any accounts

due and owing to them from the Alps Cafe or that are to become due and owing on or after the date hereof.

"Nick Agkaloff.

"U. Leekoff.

"Subscribed and sworn to before me this 27th day of March, 1920.

"C. H. Steffen,

"Notary Public in and for the State of Washington, residing at Seattle."

Both executions were returned by the sheriff "No property found."

This action was then commenced against C. H. Steffen, appellant, as a notary public, and his bondsmen, upon the theory that his act in administering an oath to Agkaloff, knowing such affidavit to be false, was wrongful and enabled Agkaloff to place his property beyond the reach of the writ of execution and defeat recovery on the judgment.

From a judgment for the full amount prayed, Steffen and his bondsman have appealed.

The only question that it is necessary to discuss is whether, conceding the affidavit to be false and that the notary knew this to be a fact at the time of administering the oath, the appellant Steffen, because of the act, became liable on his bond as a notary public to answer for the loss the respondent suffered. In support of his position respondent cites: *Kangley v. Rogers,* 85 Wash. 250, 147 Pac. 898; *Ehlers v. United States Fid. & Guar. Co.,* 87 Wash. 662, 152 Pac. 518; *State ex rel. Gardner v. Webber,* 164 S. W. (Mo. App.) 184; *Williams v. Parks,* 63 Neb. 747, 89 N. W. 395.

An examination of these cases shows that none of them is in point. The two cases from this court involved the taking of false acknowledgments, wherein the notary certified to his acquaintance with and knowledge of the persons signing. The *Webber* case involved the forging of affidavits to clear up a title,

and an examination of the case also discloses the fact that there, too, the notary signed a false certificate. In the case of *Williams v. Parks, supra,* the supreme court of Nebraska held a notary liable for failing to give notice of dishonor on protested paper, a duty imposed upon him by statute.

No case has been cited to us, and an independent investigation has disclosed none, wherein a notary public has been held liable on his bond for signing a jurat to an affidavit wherein the affiant swore falsely. It may be that a notary public who was also an attorney who counselled or knowingly permitted a client to sign a false affidavit for the purpose of defrauding judgment creditors could be held accountable, yet such liability would not be imposed because of his official position as a notary public so as to hold him on his bond.

In signing a jurat, such as the one on the affidavit in question here, the notary has fulfilled the duty he owes as a public officer when he swears the affiant. In such a jurat he does not certify to the truth of the statements made in the affidavit, nor even to the identity of the person signing. Inasmuch as respondent bases his right to a recovery solely upon the alleged wrongful act performed by appellant as a notary public, it necessarily follows, from what we have said, that his action must fail. The appellant, in signing the jurat, even though he knew the statements in the affidavit to be false, was guilty of no violation of law or duty as such officer.

Reversed and remanded with instructions to dismiss.

PARKER, MITCHELL, TOLMAN, and BRIDGES, JJ., concur.