[No. 26370. Department Two. December 30, 1936.]

LOUIS L. SHEDDY, *Respondent*, v. INLAND MOTOR FREIGHT *et al.*, *Appellants*.[1]

[1] Reported in 63 P. (2d) 430.

*H. Earl Davis* and *James A. Brown,* for appellants.

*Koenigsberg & Sanford,* for respondent.

TOLMAN, J.—Plaintiff sued to recover for personal injuries received in a collision between an automobile, in which he was riding as a guest, and a truck and trailer owned by the corporate defendant and driven by the individual defendant. The cause was tried to a jury, resulting in a verdict for $2,610 in favor of the plaintiff. From a judgment on the verdict, the defendants have appealed.

It appears that respondent, on the evening of February 16, 1935, accepted an invitation from his friend George Kambestad to go with him by automobile from Mason City, where both were employed, to Coulee City, a distance of some thirty miles, there to have dinner. They left Mason City between five-thirty and six o'clock p. m., traveling on the state highway commonly called the Speedball highway. This highway, at the point of the accident, has an oil and macadam surface about twenty feet in width, flanked by three-foot gravel shoulders, with ditches on either side from three and one-half to five feet in depth. The roadway is here straight for a distance of some half mile, descending toward the north at a grade of three per cent, which lessens to one per cent and then increases to one and one-half per cent.

As the car in which respondent was riding began to travel over this straight-away, headlights were seen in the distance which proved to be those of the appellants' truck. This truck, with a pole trailer attached and an overall length of some sixty feet, loaded with ten or eleven tons of steel sheet piling, was, according

to respondent's testimony, approaching at a speed of forty-five to fifty miles per hour in the middle of the highway, leaving insufficient space for opposing traffic to pass. The car in which respondent rode was traveling at some thirty-five miles per hour, keeping well to the right, and, as the position of the approaching truck became evident, the passenger car reduced its speed and pulled over to the right as far as seemed safe. The truck also turned to its right immediately before the vehicles met, so that the passenger car safely passed by the truck and the front part of the trailer, but came into collision with the rear bunker of the trailer, which, according to some testimony in the case, was eight feet and nine inches in width, or nine inches wider than is permitted by our statute.

Of course, the appellants produced evidence quite to the contrary on the question of the speed of the truck, its position in the highway, and the width of the bunker on the trailer. No challenge to the sufficiency of respondents' evidence was made at any time until after the verdict, when a motion for judgment n. o. v. and a motion for a new trial were made.

It is now urged that there was no evidence of negligence on the part of either of the appellants sufficient to take the case to the jury, and that it was error to deny the motion for judgment n. o. v.

From what has been outlined, and from much other evidence of a substantial nature which we deem it unnecessary to set forth, we are convinced that there was sufficient evidence to warrant the jury in finding that the appellants were negligent upon one or more of several grounds, any one or all of which might have been a proximate cause of the collision, such as excessive speed, failing to operate under proper control so that the trailer occupied a portion of the wrong side of the highway, operating a trailer having an un-

lawful and excessive width, an absence of proper side lights, and, perhaps, others. We are satisfied that the motion for judgment n. o. v. was properly denied.

The next group of assignments of error relate to the testimony of two witnesses employed by the appellant during the time it was engaged in performing its contract to transport steel from the railroad at Coulee City to the dam.

It appears that appellant hauled the steel on a tonnage basis, and that the compensation of its drivers depended, in part, at least, upon the mileage which each made. Approximately five loads were transported each day, and more or less of a schedule had to be maintained on each trip in order to obtain efficient results for appellant and for its drivers.

These witnesses, who had participated in and were entirely familiar with the operations, were permitted, over objections, to testify as to the speed capacity of the truck and trailer, the time regularly required to drive the truck, loaded as it was on this occasion, from terminus to terminus, or from junction to junction, and the nature of the road as to curves, grades and straight-aways, thus creating a background from which the inference could be drawn that, on a straight-away with a down grade, a speed of fifty miles per hour, or thereabouts, would be customary. All of which tended rather strongly to corroborate the respondent's theory that, at the time and place of the accident, the truck was traveling at from forty-five to fifty miles per hour. Moreover, on this particular trip it was shown that the truck had been unexpectedly delayed for a considerable space of time, and there was more than the usual need for speed where speed was possible.

Excessive speed was charged in the complaint and denied by the answer. The respondent's own testi-

mony, based upon his personal observations, was sufficient to take that question to the jury, but the respondent was entitled to buttress and support his own testimony by any proper corroboration.

A plan, scheme, or design to do a certain thing in a certain manner may be shown to corroborate evidence that the thing was done in that particular manner. *Chicago, St. L. & P. R. Co. v. Spilker,* 134 Ind. 380, 33 N. E. 280, 34 N. E. 218; *Shaber v. St. Paul, M. & M. R. Co.,* 28 Minn. 103, 9 N. W. 575; 1 Greenleaf on Evidence (16th ed.), § 14k, p. 54; *Jaquith v. Worden,* 73 Wash. 349, 132 Pac. 33, 48 L. R. A. (N. S.) 827.

The case of *Chilberg v. Parsons,* 109 Wash. 90, 186 Pac. 272, and others, to the effect that, to support a particular charge of negligence, it is not competent to show that the person charged is habitually careless and negligent, are not in point here. The testimony complained of was properly admitted.

The remaining assignments of error all relate to the instructions given to the jury. These assignments criticize the form, length and wording of certain instructions, but raise no particular question of law which may be discussed with profit. While, by the exercise of considerable labor and care, perhaps the trial court could have shortened and simplified these instructions, yet, as the instructions given, taken as a whole, correctly laid down the law, we can find nothing therein which can be considered prejudicially erroneous.

The judgment is affirmed.

MILLARD, C. J., HOLCOMB, MITCHELL, and BEALS, JJ., concur.